SHEPARD ET AL. V. SUPERVISORS OF JOHNSON COUNTY.

1. **Certiorari:** LIMITATION OF ACTION: APPLICATION OF STATUTE: LEVY OF DITCH TAX. While the action of a board or tribunal cannot be anulled by proceedings in *certiorari* unless the same shall be instituted within one year from the time of the action complained of, (Code, § 3224,) yet, where it was sought to annul the assessment and levy of a ditch tax, on the ground that the establishment of the ditch was illegal, and that therefore the assessment and levy of a tax to pay for it was also illegal, *held* that the action would lie, though brought more than a year after the proceedings establishing the ditch, but within a year from the assessment and levy complained of.

*Appeal from Johnson Circuit Court.*

TUESDAY, JUNE 28.

THIS is a proceeding by writ of *certiorari* to test the legality of the action of the board of supervisors of Johnson county in attempting to levy a ditch tax upon tracts of land

owned by the plaintiffs, respectively. The court, upon hearing, dismissed the plaintiffs' writ, and they appeal.

*Remley & Remley* and *A. C. Younkin*, for appellants.

*S. H. Fairall*, for appellee.

ADAMS, CH. J.—The plaintiff Hannah Shepard owns forty acres of land crossed by the ditch near its lower end. The amount of tax assessed upon her land exceeds five dollars per acre. She did not petition for the ditch, and claims that her land was not benefited by it, but injured. The other plaintiffs claim to be aggrieved upon similar ground. To avoid the assessment they have brought this action. They aver that it is not valid. It will be sufficient to consider one ground upon which they predicate its invalidity. They aver that no ditch was ever legally established, because, as they say, no petition for a ditch was ever presented to the board sufficient to give it jurisdiction of the matter. It is not denied that a petition was presented, but it is said that it was not signed by the requisite number. The statute upon this subject is found in section 1208 of the Code.

The petition for a ditch must be signed by a majority of the persons in the county owning land adjacent to the improvement. It is shown, as we understand, and we think it is not disputed, that the petition for the ditch in this case was not signed by a majority of the persons resident in the county owning land adjacent to the improvement, and it does not appear that the board of supervisors ever adjudged that it was so signed. We may say, also, that we do not understand that it is contended that the board acquired jurisdiction to establish the ditch. The position taken by the appellees is that when this action was brought it was too late to raise that question. More than a year had elapsed from the time of the action of the board establishing the ditch. The action of a board or tribunal cannot be annulled by proceedings in *certiorari* unless the same shall be instituted within

one year from the time of the action complained of. (Code, § 3224.)

But the action sought to be annulled in this case is the assessment and levy of the ditch tax. If it were brought to annul the establishment of the ditch, it might be conceded that it was too late. But it was not brought for such purpose. The ditch had already been constructed, and, whether the plaintiffs were much or little injured by it, the annul. ment of the establishment would not annul the ditch. That must remain. The question now is, was the action of the board legal, by which the tax was assessed and levied? That is the action complained of, and a year from the time of that action had not elapsed when this proceeding was instituted. The appellees say, in regard to this, that the action in assessing and levying the tax was purely ministerial, and might have been enforced by *mandamus*, regardless of any question as to whether the board had jurisdiction in the establishment of the ditch. But in our opinion this position cannot be sustained. The power to assess and levy the tax depended upon the legality of what had been done. The ditch had really been constructed by acts of trespass, as the board could have seen, and probably did see. For the construction of such a ditch we do not think that the board had power to assess and levy the tax, and they should have refused to do so. It is true, a year had elapsed from the time of the pretended establishment of the ditch before the assessment and levy complained of were made. But the ditch did not for that reason become a rightful ditch. The acts of trespass had not ripened into legal acts, upon which further action of the board could be based to compel the plaintiffs to pay the trespassers.

The assessment and levy of the tax, we think, involved a virtual adjudication that what had been done justified the assessment and levy. Now, as nothing had been done to justify such assessment, the board having from the beginning acted without jurisdiction, the action of the board in making

the assessment and levy was, we think, illegal, and it was not too late to test the question by this proceeding, which was brought within a year from the time of such action.

REVERSED.