JULIA A. POLK v. FRED McCARTNEY, *et al.*, Appellants.

**Public Improvements:** HIGHWAYS: *Notice.* A public notice for bids for a street improvement is fatally defective where it fails to state when the work is to be done and the proposals acted upon, as required by Acts Twenty-third General Assembly, chapter 14, section 3, and does not specify the "extent of the work," as required by the section, except that it states that the work is to be done on certain "alleys" in a block, it appearing that the municipal authorities did not correctly understand what was included in the terms "alleys."

**Limitation of Actions:** CERTIORARI. The limitation prescribed by Code 1873, section 3224, providing that no writ of *certiorari* shall be granted after twelve months have elapsed from the time the board has, as alleged, exceeded its proper jurisdiction, does not commence to run against the writ complaining of a street paving assessment until the assessment is made, although the objections to the assessment are based on the irregularities in the preliminary proceedings.

**Appeal:** REVIEW. The finding of the district court that a so-called street was actually a street, and did not come within the term "alley" in a street paving resolution, is conclusive upon the supreme court on appeal, at law, on conflicting evidence.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

FRIDAY, JANUARY 28, 1898.

THE defendants, except the treasurer of Polk county, constitute the city council of Des Moines, Iowa. The petition shows that the plaintiff is the owner of lots 7 and 8 in block 3, in the original town of Fort Des Moines, now a part of the city of Des Moines; "that said council exceeded its jurisdiction in this: that on the tenth day of October, 1893, at a session of said council, an order was made by said council assessing against said lot seven (7), the sum of three hundred and seventy-two dollars and thirty-two cents ($372.32), and against said lot eight (8) the sum of ninety-nine dollars and twenty-eight cents ($99.28), as a special assessment against said property, as its proportionate share of the cost of paving Plum street, in said city, which abuts on said lot seven (7), and the cost of paving the alley running north and south through said block three (3);" that the paving on said street and alley, and for which the assessment was made, was done under a pretended contract between the city of Des Moines and M. H. King; that said contract did not embrace Plum street, and there was no contract, or pretended contract, with said city, for the paving of Plum street, and the same was paved without authority; that there never was any resolution of the council of said city that said Plum street should be paved; that, by the terms of said pretended contract, the cost of keeping said paving in repair for five years was included in the contract price, and was assessed against the abutting property; and that there was no advertisement for bids, as required by law, for said improvement. The petition asks that a

writ of *certorairi* issue, and that, upon the hearing, the proceedings as to the levy and assessments be annulled and held for nought, and that a writ of injunction issue to restrain the collection of the tax. The return to the writ shows the proceedings of the council in the premises, the particulars of which may be noticed in the opinion. The issues were upon the petition and return, and additional evidence was taken. At the conclusion of the hearing, the court gave judgment for plaintiff, and the defendants appealed.—*Affirmed.*

*J. K. Macomber* for appellants.

*J. S. Polk* and *St. John & Stevenson* for appellee.

GRANGER, J.—I. The point is first presented that this case is barred by the statute of limitation. The chapter of the Code of 1873 providing for the proceedings by writ of *certiorari* contains a section as follows: "Sec. 3224. No writ shall be granted after twelve months have elapsed from the time the inferior court, tribunal, board, or officer has, as alleged, exceeded his proper jurisdiction, or has otherwise acted illegally." The resolution ordering the pavement in question was passed by the city council April 7, 1893, and the petition in this action was filed August 11, 1894, being more than twelve months after the passage of the resolution. It is, however, said by appellee, that the act of which she complains is the act by which the assessment was made, and not the passage of the resolution authorizing the paving. *Shepard v. Supervisors,* 72 Iowa, 258, is a like case in principle. In that case, the board of supervisors had ordered a ditch dug, under the provisions of the statute, to be paid for by an assessment on real estate benefited thereby. The action was to annul the

assessment and levy because of defects in the proceeding, by which the making of the ditch was authorized. The question of the statute of limitation arose in that case, and it is·held that as the action was to set aside the assessment and levy, and not the order for making the ditch, the action was commenced in time, it not being one year from the date of the assessment and levy, although more than one year from the making of the order for constructing the ditch. Looking to the petition in this case, we find it is the same,—that the court is asked to set aside the proceedings as to the assessment. While it is true, that·such a result must be based on the invalidity of the former acts, it is no more so than it was in the cited case; and it seems to be a conclusive authority against appellants' claim in this case. The cases seem to be alike in every essential particular for the purposes of this question.

II. The court made, among others, the following findings: "(2) That the street running east and west through said block three (3), and on which said lot seven (7) abuts, is Plum street, and is not properly designated as an alley. (3) That there was never any resolution of the city council that Plum street be paved, and the resolution of date April 17, 1893, of the city council, does not refer to or embrace said Plum street; and the same was not contained in any notice to bidders, nor in any contract therefor,and the same was paved wholly without authority." The resolution passed by the council was for paving alleys in block 3, of the original town of Ft. Des Moines. The record contains a plat of said block, showing streets and alleys, and the strip in controversy is designated "Plum street," and appears to be thirty-three feet wide; while streets around the block are sixty-six feet wide, and alleys are marked sixteen and one-half feet wide. Evidence was taken as to the condition and use of the strip, how it was kept, and the kind of property

located along it. It was from this evidence that the
court found that it was not an alley, but a street. The
finding, numbered 3, that Plum street was not included
in the resolution for paving, nor contained in the notice
to bidders, nor in any contract, is, as we understand,
based on the facts found, that it was actually a street,
and so recognized, and did not come within the term,
"alleys in block 3, town of Fort Des Moines," that being
the term used in the resolution, notice, and contract.
The evidence is in decided conflict, and the finding of the
district court is conclusive upon us. It stands as the
verdict of a jury. *Remey v. Board,* 80 Iowa, 470; Code,
1873, section 3223.

III. The court made the following finding: "(4)
That the notice to bidders contained in the return
herein, and shown in the evidence, is not such notice
as is contemplated by law, in that it does not
invite bids for the paving of Plum street, and
does not state as nearly as practicable or other-
wise the extent of the work, when the work shall be
done, or what time the proposals shall be acted upon."
The following is section 3, chapter 14, Acts Twenty-
third General Assmbly: "Sec. 3. All such contracts
shall be made by the council or the board of public
works when such board shall exist, in the name of the
city, and shall be made with the lowest bidder or bid-
ders, upon sealed proposals, after public notice for
not less than ten days, in at least two newspapers of
said city, which notice shall state as nearly as prac-
ticable the extent of the work, the kind of materials to
be furnished, when the work shall be done, and at what
time the proposals shall be acted upon." The only
language in the notice that could be construed as an
attempt at compliance with the prescribed notice is the
following: "Brick paving, consisting of two courses of
brick on sand foundation, with top filling as described
on pages 9 and 10 of specifications." In another part of

the notice it appears that plans and specifications are on file in the office of the board of public works. The provisions of the law quoted are mandatory, and their observance is a condition precedent to the right of the council to make contracts in pursuance of them. The notice is fatally defective. The requirements as to "when the work shall be done," and "what time the proposals shall be acted upon," are absolutely disregarded. There is not a reference to either in the notice, and, if the notice could be aided by the plans and specifications, it is to be said there is no reference to either of them. The same is true as to the "extent of the work," except the words in the notice, "alleys in block three (3), town of Fort Des Moines." The plans and specifications contain no reference to the place, nor to the extent of the work. Even an inspection of the block itself would not disclose it, for, as we have seen in another division of the opinion, the fact of what were, and what were not, alleys, was not understood by the council. See *Coggeshall v. City of Des Moines*, 78 Iowa, 235. See, also, *Osburn v. City of Lyons*, 104 Iowa, 160. These holdings render it unimportant to consider some other questions argued, for they seem conclusive of the case. The judgment of the district court will stand AFFIRMED.