JOSEPH VOWLES, Appellant, v. TOWN OF KENWOOD PARK, Appellee (and five other cases).

MUNICIPAL CORPORATIONS:  Public Improvements—Resolution of 1 Necessity—Amendment as to Material.  A resolution of necessity may, in good faith, and on the hearing thereof, be amended by in-

serting therein an entirely different and distinct kind of material with which to construct the improvement.

**MUNICIPAL CORPORATIONS:** Public Improvements — Inadvertent 2 **Errors in Record.** The inadvertent insertion in the record of a wrong date will not invalidate a special assessment.

**MUNICIPAL CORPORATIONS:** Public Improvements—Paving—Al-3 ternative Specifications. Specifications for a brick paving may legally provide for alternative "fillers," at the option of the council, when the fillers specified are substantially the same in utility and cost.

**MUNICIPAL CORPORATIONS:** Public Improvements—Notice to 4 **Bidders—Sufficiency.** A notice to bidders which fails to state "when the work shall be done" is sufficient when the notice makes direct réference to the plans and specifications and the latter distinctly specify the time when the work shall be done.

*Appeal from Linn District Court.*—F. O. ELLISON, Judge.

SEPTEMBER 20, 1924.

AN appeal from paving assessment. The several cases were consolidated for trial.—*Affirmed.*

*Deacon, Sargent & Spangler,* for appellants.

*John M. Redmond, C. J. Haas,* and *Harland C. Robbins,* for appellee.

FAVILLE, J.—I. In 1921, the incorporated town of Kenwood Park undertook to pave a certain street in said town. Appellants are property owners whose property was assessed for the construction of said pavement. An appeal from the original assessment was taken to the district court, and, upon hearing, the assessment was modified. Various propositions are urged, challenging the legality of the proceedings of the town council in connection with the construction of said improvement and the levying of an assessment therefor.

On March 7, 1921, a proposed resolution of necessity was presented to the town council. Practically every step of the

proceedings in connection with this· resolution of necessity is challenged by appellants.

As to the first proposition urged by appellants, we find that, while the proceedings were somewhat informal, the record sufficiently shows that the town council fixed the 8th day of April, 1921, as the time for the consideration of said resolution of necessity.

A more important and more serious question, however, arises with regard to the sufficiency of the resolution of necessity and in regard to its final adoption.   The resolution of necessity, as originally filed and considered by the council, of which notice was given, provided that certain kinds of material should be used in the construction of the improvement, specifying "vitrified brick pavement, * * * or sheet asphalt pavement, or asphalt concrete pavement, or bitulithic pavement, or two-course Portland cement concrete pavement." After the notice had been posted, and when the resolution of necessity came on for hearing, an amendment to the resolution of necessity was adopted by the city council.   Said amendment provided that the resolution of necessity "include with kinds of material to be used and method of construction the words: 'vertical fibre brick pavement.'"   It appears that "vertical fibre brick" is an entirely distinct and different kind of material from any of those enumerated in the original resolution of necessity.   It cannot be said to be included within any of the kinds mentioned.

1. MUNICIPAL CORPORATIONS: public improvements: resolution of necessity: amendment as to material.

The record of the action of the council upon the resolution of necessity as amended is very meager and unsatisfactory. From all of the evidence in the case, it appears, however, that the town council adopted the resolution of necessity and provided for the construction of the improvement as a vertical fibre brick pavement, being the kind of material mentioned in the amendment to the resolution of necessity which was adopted, as stated, at the time when the resolution of necessity was finally acted upon.

At this point we are squarely confronted with the question as to whether or not, under the statute, Section 810, Supple-

mental Supplement, 1915, as amended by Chapter 384, Acts of the Thirty-eighth General Assembly, the city council, after having named in the proposed resolution of necessity the various kinds of material from which a selection is to be made, and having published notice in accordance therewith, may, at the time of hearing on said resolution of necessity, amend said proposed resolution by inserting therein an entirely different and distinct kind of material, and proceed to adopt the resolution and specify the material named in such amendment.

We are of the opinion, construing the statute in its entirety, where no fraud or bad faith is claimed, that the council has the power to make such an amendment to the resolution of necessity. But for the legislative requirement, the council would not be required to insert in the proposed resolution the kind or kinds of material proposed to be used. The purpose in so requiring was to invite discussion and perhaps objections before the council.

The legislature expressly provided that the council should have the power to amend the resolution of necessity at the time of consideration of its final adoption. This is in keeping with the evident purpose and plan of the statute. The council had acquired jurisdiction of the subject-matter in a proper manner, and, when acting in good faith, had the power, under the very terms of the statute, to amend the resolution of necessity, before finally acting thereon. No abuse of the power so vested in the council by the statute is claimed in this case. The amendment was expressly authorized by statute, was made after jurisdiction of the subject-matter had attached, and at a time when property owners were bound to know that, under the statute, such an amendment could be made.

Construing the statute in its entirety, and having in mind its evident purpose, we are of the opinion that the amendment to the resolution of necessity was not unauthorized, and did not defeat the jurisdiction of the council nor render the assessment subsequently made, invalid.

II. The evidence is vague, meager, and unsatisfactory as to whether or not the council adopted the resolution of necessity and instructed or authorized the clerk to advertise for bids

for the construction of the work; but we regard the showing as being sufficient to sustain the finding of the lower court that the council intended to and did adopt the resolution of necessity and authorize the publication of notice.

III.  Plans and specifications were prepared by an engineer and submitted to the town council.  A question is raised by appellants as to the legality of the meeting of the council at which action was had on the plans and specifications.  In regard to said matter, the record is likewise unsatisfactory and somewhat indefinite; but we are constrained to hold that the trial court did not err in holding that the evidence is sufficient to show that the council was legally in session at an authorized meeting at which the plans and specifications were adopted.

It appears that, following the meeting of the council, on April 22, 1921, there was an advertisement for bids for the construction of the work, and, at a meeting of the council, on .May 21, 1921, all bids were rejected.  The clerk was directed to readvertise for bids.  There is some confusion in the records of the town clerk in regard to this matter, and evidently the word "May" was used in one instance in lieu of the word "April;" but we think the record as a whole is sufficient to show that the council ordered a re-advertisement for bids.

<div style="margin-left:2em; font-size:small">2. MUNICIPAL CORPORATIONS: public improvements: inadvertent errors in record.</div>

IV.  A question is raised as to the legal sufficiency of the plans and specifications that were adopted, the particular objection being in regard to the specifications as to "filler."  The plans provided that the interstices between the bricks should be completely filled "with asphalt filler having a melting point not lower than 170 degrees Fahrenheit."  Details as to this filler are set forth in the specifications.  The specifications contain the clause:

<div style="margin-left:2em; font-size:small">3. MUNICIPAL CORPORATIONS: public improvements: paving: alternative specifications.</div>

"At the option of the council a coal tar pitch filler may be used, applied as specified above for asphalt filler."

Then follow specifications regarding a "coal tar pitch filler," to be used in the event the council should so order.  Appellants contend that this provision in the plans and specifica-

tions was illegal and unauthorized, and rendered the action of the council in adopting the plans, nugatory and void.

The statute, Code Section 813, requires that the notice for bids "shall state as nearly as practicable the extent of the work and the kind of materials for which bids will be received."

The record shows that there is no substantial difference between the cost and serviceability of the two kinds of filler referred to. They are very similar. Neither bidders nor the public were misled in any way. We do not regard this clause in the plans, under the facts of this particular case, as being such a deviation from the requirements of the statute as to vitiate the entire proceedings.

V. The notice to bidders is challenged. Section 813, Supplemental Supplement, 1915, provides:

"* * * which notice shall state as nearly as practicable the extent of the work and the one or more kinds of materials for which bids will be received, when the work shall be done, the terms of payment fixed, and the time the proposals shall be acted upon; * * *"

The notice to bidders was posted as provided by the statute applicable to such a town. A controversy arises as to the contents of the notice so posted. The minute book of the town clerk contains a copy of the notice purported to have been posted. The appellants produced one of the identical notices that were posted. The copy set out in the minute book differs from the copy so produced by appellants in that the latter does not contain any specific recital as to "when the work shall be done." The provision of the statute that the notice to bidders shall contain a recital as to when the work shall be done cannot be wholly disregarded. Prospective bidders would be interested in having such information in submitting bids, and its insertion in the notice is quite essential. *Polk v. McCartney,* 104 Iowa 567.

4. MUNICIPAL CORPORATIONS: public improvements: notice to bidders: sufficiency.

We are disposed to adopt the appellants' contention that the showing is sufficient to impeach the recitals in the official record of the town clerk as to the contents of the notice. But even if the published notice was as claimed by appellants, we should hesitate to hold it to be so insufficient as to defeat juris-

diction and render the subsequent assessment void. The notice produced by appellants referred to the plans and specifications then on file in the office of the town clerk. No one could submit a bid intelligently from the notice alone, and without recourse to the plans and specifications. These contained a form of pro-posal which was to be used by the bidder, and which provided that the work must be completed by September 1, 1921. Every bidder submitting a bid would, of necessity, not only examine the plans and specifications and ascertain therefrom when the work was to be done, but, by the very terms of the proposal for bids under which his bid was to be submitted, was required to offer to contract to do the work within the time specified therein. No one claims that any prospective bidder was misled by the notice, or failed to bid because of its insufficiency in any respect.

Upon the entire record on this matter, we concur in the conclusion of the trial court.

VI. It is argued that the proceedings were invalid because the plans and specifications were not complied with in the construction of the work, particularly with regard to the "filler" used.

From an examination of the record we are satisfied that the contract was complied with substantially, and that the partial deviation therefrom was unimportant, under the provisions of the contract.

VII. The appellants complain that the assessment was against the entire tracts owned by them, and not limited to the portion of the property that could legally be assessed under the statute.

The decree of the lower court limited the assessment properly, and appellants have no complaint to now urge. The assessment may have been erroneous in this regard, but it was not void because of the claimed error, and it has now been corrected.

VIII. Appellants contend that the assessment was void because the bed of the street was not brought to grade before the paving was laid thereon.

As we understand the record, the provisions of the statute, Code Supplement, 1913, Section 792, were complied with; and the contention is without merit.

Appellants' contention that their property, while it abuts upon the street that was paved, does not abut upon the improvement itself, is also without merit.

The action of the town council in regard to funds donated by outsiders to aid in the improvement cannot be considered in determining the validity of the assessment in question.

We fail to find error in the record requiring interference on our part. The decree of the trial court is—*Affirmed.*

ARTHUR, C. J., EVANS, PRESTON, and VERMILION, JJ., concur.