580 N.W.2d 790 (1998)
Donald E. PETERSEN, Carol Petersen, Clinton Erickson, Orlee Erickson, James Clark, Kimberly Clark, Mary Jean Coffelt, Darrell Bertelsen, Marie Bertelsen, Kristine Wohlers, Leonard Rath, Lucille Rath, Joyce Wohlers, Bill Wohlers, Howard Young and Elsie Young, Appellants,
v.
HARRISON COUNTY BOARD OF SUPERVISORS, Harrison County, Iowa, Appellee.
No. 96-1755.
Supreme Court of Iowa.
July 1, 1998.
*791 Eldon L. McAfee of Beving, Swanson & Forrest, P.C., Des Moines, for appellants.
Judson L. Frisk, Logan, for appellee.
Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, SNELL, and ANDREASEN, JJ.
McGIVERIN, Chief Justice.
The Harrison County Board of Supervisors (Board) rejected plaintiffs' proposal to designate a portion of their property as an agricultural area pursuant to Iowa Code chapter 352 (1995), finding that preservation of private property rights outweighed granting plaintiffs' proposal. Plaintiffs challenged the Board's decision in a certiorari proceeding in district court. The district court sustained the Board's decision and dismissed plaintiffs' petition. On plaintiffs' appeal, we conclude that the Board's decision is supported by *792 substantial evidence and we affirm the district court.

I. Background facts and proceedings.
The facts are not in dispute. Plaintiffs are landowners of property in rural Harrison County. On March 8, 1995, plaintiffs submitted a proposal to the defendant Board asking the Board to designate portions of their property as an agricultural area pursuant to Iowa Code chapter 352. See Iowa Code § 352.6. The proposed agricultural area covers land that surrounds the unincorporated village of Beebeetown, Iowa, on three sides. The land included in the proposed agricultural area meets the necessary qualifications for an agricultural area as set forth in chapter 352.
After the statutorily required notice was published in an appropriate newspaper, see Iowa Code section 352.7(1), the Board held a public hearing concerning plaintiffs' proposal for an agricultural area. A tape recording was made of the meeting and a written transcript prepared.
At the hearing, the Board received public comment regarding plaintiffs' proposal. The primary concern expressed at the meeting was that granting plaintiffs' proposal would allow or encourage the establishment of an animal feeding operation or livestock confinement facility in the agricultural area and that this would adversely affect the value of nearby real estate.
In addition to receiving public comment, the Board reviewed letters written by persons owning property near the proposed agricultural area opposing plaintiffs' proposal, and the Harrison County Cattlemen's Association and the Iowa Cattlemen's Association favoring the proposal. The Board also reviewed a letter from the "Concerned Citizens of Beebeetown" which asked the Board to deny plaintiffs' proposal. This letter was not signed, but was presented to the Board through that group's attorney. The Board also heard from plaintiffs' attorney, who commented on the protections from nuisance suits that agricultural areas have under Iowa Code section 352.11.
Plaintiffs stated that they were interested in obtaining the agricultural area designation to protect their current farming operations and that they were not talking about increasing their operation.[1]
On May 4, 1995, the Board voted unanimously to reject plaintiffs' proposal for an agricultural area. The Board's reason for rejecting plaintiffs' proposal, as stated in the Board's minutes, was that the proposed agricultural area surrounded the unincorporated village of Beebeetown, Iowa, and that it would adversely affect the value of property in that village and property value of land surrounding the proposed agricultural area. In later expanded minutes, the Board stated that it voted to deny the designation because the private property rights of the surrounding neighbors and citizens of Beebeetown far outweighed the policies in favor of granting plaintiffs' proposal. The Board also stated that granting plaintiffs' proposal was contrary to the expressly stated purposes of chapter 352.
Plaintiffs filed a petition for writ of certiorari in district court, asserting that the Board had exceeded its jurisdiction and acted illegally in denying their proposal for an agricultural area. See Iowa R. Civ. P. 306 (1995).
The court entered an order granting a writ of certiorari to review the Board's decision. After a hearing, the district court entered an order sustaining the Board's decision and dismissing plaintiffs' certiorari petition. The district court concluded that the Board did not exceed its proper jurisdiction. The court also impliedly concluded that the Board did not act illegally and that the Board's decision was supported by substantial evidence. Plaintiffs filed an Iowa rule of civil procedure 179(b) motion, which the district court denied.
On appeal, plaintiffs renew their challenge to the legality of the Board's action in rejecting their proposal for an agricultural area. Specifically, plaintiffs assert that the Board's *793 decision denying their proposal for an agricultural area, for the reason that establishment of the proposed agricultural area would adversely affect private property rights of landowners living near or adjacent to the proposed agricultural area, is not supported by substantial evidence.

II. Standard of review.
Certiorari is an action at law to test the legality of an action taken by a court or tribunal acting in a judicial or quasi-judicial capacity. Iowa R. Civ. P. 306; Sergeant Bluff-Luton Sch. v. Sioux City, 562 N.W.2d 154, 156 (Iowa 1997).[2] Our review of such actions is at law and not de novo. Bear v. Iowa Dist. Ct., 540 N.W.2d 439, 440 (Iowa 1995). A county board of supervisors exercising a governmental function is an "inferior tribunal" within the meaning of rule 306. Curtis v. Board of Supervisors, 270 N.W.2d 447, 449 (Iowa 1978).
The question we consider in this appeal "is whether the [Board's] decision is supported by any competent and substantial evidence." Carstensen v. Board of Trustees, 253 N.W.2d 560, 562 (Iowa 1977). Evidence is substantial "when a reasonable mind could accept it as adequate to reach the same findings." City of Cedar Rapids v. Municipal Fire & Police Retirement Sys., 526 N.W.2d 284, 287 (Iowa 1995) (citations omitted). "[W]e do not review fact findings of the lower tribunal further than to ascertain they are sustained by competent and substantial evidence." State v. Cullison, 227 N.W.2d 121, 126 (Iowa 1975) (citations omitted). "`If the district court's findings of fact leave the reasonableness of the board's action open to a fair difference of opinion, the court may not substitute its decision for that of the board.'" Helmke v. Board of Adjustment, 418 N.W.2d 346, 347 (Iowa 1988) (quoting Weldon v. Zoning Bd., 250 N.W.2d 396, 401 (Iowa 1977)).
Our rule provides that "[u]nless otherwise specially provided by statute, the judgment on certiorari shall be limited to sustaining the proceedings below, or annulling the same wholly or in part, to the extent that they were illegal or in excess of jurisdiction...." Iowa R. Civ. P. 316; accord Fisher v. Chickasaw County, 553 N.W.2d 331, 334 (Iowa 1996). Illegality exists within the meaning of the rule when the findings upon which the board based its conclusions of law do not have evidentiary support or when the court has incorrectly applied the proper rule of law. Fisher, 553 N.W.2d at 334. The burden of showing illegality rests upon the asserting party. Id.

III. Legality of the Board's action.
A. The Board's decision. Plaintiffs contend that the district court erred in sustaining the Board's finding that plaintiffs' proposal for an agricultural area is inconsistent with the purposes of chapter 352. Specifically, plaintiffs contend that the Board's decision denying their proposal for an agricultural area, for the reason that establishment of the proposed agricultural area would adversely affect private property rights of landowners living near or adjacent to the proposed agricultural area, is not supported by substantial evidence.
As we begin our analysis, we presume that the Board properly performed its duty under the law, unless clear evidence to the contrary appears. See Dilley v. City of Des Moines, 247 N.W.2d 187, 195 (Iowa 1976) (absent clear evidence to the contrary, court presumes actions of public officials are proper); 17 Kenneth Elkins, et. al, The Law of Municipal Corporations § 49.75 (3d. ed.1993 rev. vol.) (absent evidence to the contrary, reviewing court presumes action of inferior tribunal is in accordance with the law).
B. Agricultural area ramifications. Before we consider whether the Board's decision is supported by substantial evidence, we believe it first helpful to consider some preliminary matters concerning an agricultural area designation. Iowa Code chapter 352 sets forth the procedure for allowing Iowa landowners to voluntarily designate their *794 land as an "agricultural area."[3] As an incentive for encouraging landowners to designate land as an "agricultural area," the legislature has attached certain benefits or advantages to this type of land designation. One advantage is that landowners would have the benefit of a statutory defense to any nuisance actions against them concerning their farm operations. See Iowa Code § 352.11. Additionally, land included in an agricultural area carries with it limitations on special assessments, see Iowa Code section 352.10, and state regulation. See Iowa Code section 352.12. Agricultural areas also hold water priority rights over all other uses except water for ordinary household purposes. Iowa Code § 352.11(2). The legislature has established special procedures governing the condemnation of agricultural areas. See Iowa Code § 6B.3(6) (condemnation of certain classes of land within an agricultural area requires a statement of reasonable necessity for condemnation).
C. Purposes of and procedures under chapter 352. Following the provisions set forth in chapter 352, plaintiffs filed their proposal for an agricultural area with the defendant county board of supervisors. Iowa Code section 352.7 sets forth a board's responsibilities in responding to such petitions.
1. Within thirty days of receipt of a proposal to create or expand an agricultural area which meets the statutory requirements, the county board shall provide notice of the proposal by publishing notice in a newspaper of general circulation in the county. Within forty-five days after receipt of the proposal, the county board shall hold a public hearing on the proposal.
2. Within sixty days after receipt, the county board shall adopt the proposal or any modification of the proposal it deems appropriate, unless to do so would be inconsistent with the purposes of this chapter.

(Emphasis added.) As noted above, Iowa Code section 352.7(2) expressly gives the Board the authority to reject a proposal for an agricultural area if it is inconsistent with the purposes of chapter 352.
Although not true with all statutory provisions, the legislature has expressly stated its intent with respect to chapter 352, as outlined below:
It is the intent of the general assembly and the policy of this state to provide for the orderly use and development of land and related natural resources in Iowa for residential, commercial, industrial, and recreational purposes, preserve private property rights, protect natural and historic resources and fragile ecosystems of this state including forests, wetlands, rivers, streams, lakes and their shorelines, aquifers, prairies, and recreational areas to promote the efficient use and conservation of energy resources, to promote the creation and maintenance of wildlife habitat, to consider the protection of soil from wind and water erosion and preserve the availability and use of agricultural land for agricultural production, through processes that emphasize the participation of citizens and local governments.

The general assembly recognizes the importance of preserving the state's finite supply of agricultural land. Conversion of farmland to urban development, and other nonfarm uses, reduces future food production capabilities and may ultimately undermine agriculture as a major economic activity in Iowa.
It is the intent of the general assembly to provide local citizens and local governments the means by which agricultural land may be protected from nonagricultural development pressures. This may be accomplished by the creation of county land preservation and use plans and policies, adoption of an agricultural land preservation ordinance, or establishment of agricultural areas in which substantial agricultural activities are encouraged, so that land inside these areas or subject to those ordinances is conserved for the production of food, fiber, and livestock, thus assuring the preservation of agriculture as *795 a major factor in the economy of this state.
Iowa Code § 352.1 (emphasis added).
As outlined above, the legislature has articulated a number of interests sought to be advanced by chapter 352. The first unnumbered paragraph of section 352.1 contains statements relating to various topics including both the preservation of private property rights and preservation of agricultural land "through processes that emphasize the participation of citizens and local governments."[4] The second and third unnumbered paragraphs, however, speak only to protection of agricultural lands from non-agricultural development pressures. The remaining provisions of chapter 352 relate to the establishment of county land preservation and use commissions and creation or expansion of agricultural areas.
We believe that the statutory language found in section 352.1 clearly demonstrates the legislature's concern for preserving private property rights as well as preserving agricultural land in Iowa. We also believe that the Board's statutorily imposed duty in section 352.7(2) to "adopt the proposal ... unless to do so would be inconsistent with the purposes" of chapter 352 is a legislative grant of discretion to a local board of supervisors to weigh the competing interests, as stated in section 352.1, in deciding whether to grant a proposal for an agricultural area. Thus, the Board's responsibility with respect to plaintiffs' proposal for an agricultural area was to weigh all relevant purposes listed in section 352.1 that might be affected by the establishment of an agricultural area, including how the proposed agricultural area would affect private property rights of adjacent landowners. We therefore disagree with plaintiffs' contention that the Board did not have authority to reject their proposal for an agricultural area.
Additionally, section 352.7(1) says nothing about the type of public hearing that must be held before the board, the type of evidence to be presented, or the standard of proof that the board is to apply to the evidence. There is no statutory requirement that expert testimony be presented regarding reduced private property values that may result if plaintiffs' proposal were adopted by the Board. The public hearing contemplated by section 352.7(1) would thus seem to be an informal-type hearing as was held by the Board in this case.
D. The record before the Board. In light of the above discussion, the narrow issue we must decide in this appeal is whether the Board's finding, that plaintiffs' proposal for an agricultural area is inconsistent with the purposes of chapter 352, is supported by substantial evidence. We now turn to the evidence that the Board relied upon in finding that preserving private property rights of landowners near the proposed agricultural area outweighed the policies favoring plaintiffs' proposal for an agricultural area, which according to the Board's view made granting plaintiffs' proposal inconsistent with the purposes of chapter 352.
We first point out that according to statements made during the Board hearing, plaintiffs do not intend to establish an animal feeding operation in the proposed agricultural area. However, the statutory framework of chapter 352 required that the Board weigh the effect that an agricultural area will have on private property rights. This weighing necessarily required that the Board consider the effect that a livestock confinement facility in the proposed agricultural area might have on private property rights as stated by the concerned Beebeetown area residents.[5]
*796 Upon our review of the record, we conclude that the Board made adequate findings concerning plaintiffs' proposal for an agricultural area and that the Board's finding that protecting private property rights outweighed granting plaintiffs' proposal for an agricultural area is supported by substantial evidence.
At the public hearing, the Board received comments from concerned property owners and others that an animal feeding operation in the proposed agricultural area will reduce property values in the Beebeetown area. The record also indicates that Beebeetown consists of a village in Harrison County; it is not an incorporated city. Thus, this is not a situation where city residents are complaining about farm operations some distance away from their own property. Here, the concern regarding property values is by persons who own property near or adjacent to the proposed agricultural area. As a result, the information presented to the Board included statements that establishment of an animal feeding operation in the proposed agricultural area will affect the value of other property in the adjacent area. The concern is especially significant in this case because plaintiffs' proposed agricultural area surrounds Beebeetown on three sides. Thus, there is the potential for Beebeetown to almost be entirely engulfed by land used for animal feeding operations.
As we previously stated, there is no requirement under chapter 352 that expert testimony concerning reduced property value be presented at the hearing before the board. Thus, the Beebeetown neighbors were not required to present such evidence regarding reduced property value as suggested by plaintiffs in their brief.
The Board received the information presented during the hearing and considered it in making its decision. We believe the Board properly weighed the interests relating to preservation of private property rights and the policies associated with plaintiffs' proposal for an agricultural area. After weighing these competing interests, the Board made its decision disapproving plaintiffs' proposal and briefly stated its reasons. This is all that the Board was required to do under the statute. The Board did not abuse its legislative grant of discretion under section 352.7(2).
Although the record in a case such as this might support an opposite finding, our responsibility is only to determine whether the information presented to the Board supports the finding actually made. City of Cedar Rapids v. Board of Trustees of Mun. Fire & Police Retirement Sys., 572 N.W.2d 919, 926 (Iowa 1998).
We are reluctant to specify the amount or type of information that must be presented to a Board when making a decision concerning a proposed agricultural area. To do so might unduly formalize the proceedings before the Board which is to be avoided, absent statutory direction. See Thorson v. Board of Supervisors, 249 Iowa 1088, 1097, 90 N.W.2d 730, 735 (1958) ("proceedings before a board of supervisors and like tribunals are necessarily informal and courts are not disposed to review them with technical strictness").
We affirm the district court's judgment that upheld the Board's decision.

IV. Disposition.
We conclude that the Board's finding, that preserving private property rights outweighed the policies favoring plaintiffs' proposal for an agricultural area, is supported by substantial evidence. The district court properly sustained the Board's decision to deny plaintiffs' proposal. We affirm.
AFFIRMED.
NOTES
[1] The record suggests that plaintiffs Donald and Carole Petersen currently manage a livestock operation on land that would be included in the proposed agricultural area.
[2] Rule 306 of the Iowa rules of civil procedure provides:

A writ of certiorari shall only be granted when specifically authorized by statute; or where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded its, or his proper jurisdiction or otherwise acted illegally.
[3] Chapter 352, County Land Preservation and Use Commissions, Code 1993, consisting of §§ 352.1 to 352.13, was transferred from Chapter 176B, Land Preservation and Use, Code 1991 by the Code Editor.
[4] The district court relied on the reference to private property rights in the first paragraph in upholding the Board's decision; it did not mention paragraphs two and three.
[5] Plaintiffs cite Weinhold v. Wolff, 555 N.W.2d 454, 462 (Iowa 1996), as support for their argument that the legislature intended that the interest in preserving agricultural areas takes precedence over preserving private property rights. In Weinhold, the county board of supervisors approved an application for designation of an "agricultural area" about a year after the applicant began a hog feeding and confinement operation. 555 N.W.2d at 458. Weinhold thus involved different issues (alleged nuisance and damages from an existing hog confinement operation) than the one before us concerning whether a local county board of supervisors could deny a proposal for an agricultural area in the first instance. We find that nothing we said in Weinhold supports plaintiffs' position here.