**Colleen CARRUTHERS and Roger Ohde, Plaintiffs–Appellants,**

v.

**BOARD OF SUPERVISORS, POLK COUNTY, Iowa, Defendant–Appellee,**

**James M. Gocke, Intervenor–Appellee.**

No. 01–1668.

Court of Appeals of Iowa.

May 31, 2002.

868

Ed Skinner and R. Bradley Skinner of Skinner Law Office, P.C., Altoona, for appellant.

Joseph Quinn of Nyemaster, Goode, Voigts, West, Hansell & O'Brien, P.C., Des Moines, for appellee Board of Supervisors.

James M. Gocke, Ankeny, for appellee Gocke pro se.

Considered by MAHAN, P.J., and ZIMMER and EISENHAUER, JJ.

MAHAN, P.J.

The plaintiffs appeal from a district court order dismissing their petition for writ of certiorari challenging the Board of Supervisors' denial of their proposed subdivision plat. The plaintiffs contend the district court erred in determining the Board acted legally in denying this plat. We affirm.

**Background Facts and Proceedings.** Colleen Carruthers and Roger Ohde own approximately thirty acres of land in Polk County.[1] The plaintiffs intended to develop their land as cluster lots and presented their plat to the Polk County Zoning Commission in the summer of 1999. They sought approval of a development of eleven cluster lots know as Trullinger Grove Plat 1. On September 27, 1999, the zoning commission rejected the plat. In September 2000 the plaintiffs submitted a revised Trullinger Grove Plat 1, which only included nine lots. On September 25, 2000, the zoning commission recommended approval to the Board. On April 10, 2001, the Board considered plaintiffs' request for approval of the plat. The Board noted the zoning commission's recommendation for approval and the verification from the county attorney's office that the planned development was in compliance with all county ordinances. The Board also permitted public comment from several neighboring homeowners and received a petition against the proposed development signed by approximately sixty neighbors. Following the public comments, the Board considered and discussed the proposed plat. The supervisors then voted 4–0 to deny the plaintiffs' request.

On May 7, 2001, the plaintiffs filed a petition for writ of certiorari challenging the legality of the Board's rejection of their proposed plat.[2] On May 31, 2001, James M. Gocke, a property owner immediately adjacent to the proposed plat, filed a motion for intervention. The district court granted the motion. Following a trial, the district court concluded there was sufficient evidence in the record to support the Board's decision and concluded the plaintiffs failed to meet their burden of establishing any illegal act on the part of the Board. The court dismissed plaintiffs' petition. The plaintiffs appeal.

**Standard of Review.** Our review of such actions is at law, *not* de novo. *Petersen v. Harrison County Bd. of Sup'rs*, 580 N.W.2d 790, 793 (Iowa 1998). The question we consider in this appeal is whether the Board's decision is supported by substantial evidence. *Sergeant Bluff-Luton Sch. Dist. v. City Council of Sioux City*, 605 N.W.2d 294, 297 (Iowa 2000). Evidence is substantial "when a reasonable mind could accept it as adequate to reach the same findings." *City of Cedar Rapids v. Municipal Fire & Police Retirement Sys.*, 526 N.W.2d 284, 287 (Iowa 1995). " 'If the district court's findings of fact leave the reasonableness of the board's action open to a fair difference of opinion, the court may not substitute its decision for that of the board.' " *Helmke v. Bd. of Adjustment*, 418 N.W.2d 346, 347 (Iowa 1988) (quoting *Weldon v. Zoning Bd.*, 250 N.W.2d 396, 401 (Iowa 1977)).

Our rules of civil procedure provide that "[u]nless otherwise specially provided by statute, the judgment on certiorari shall be limited to sustaining the

---

1. Plaintiffs land is located in a zoning district known as "estate district," which "is intended to provide for housing on large lots." Polk County, Iowa, Zoning Ordinance § 3301(C) (1991).

2. The plaintiffs decided not to seek judicial review of the Board's decision as provided for in Iowa Code section 354.10 (1999).

proceedings below, or annulling the same wholly or in part, to the extent that they were illegal or in excess of jurisdiction...." Iowa R. Civ. P. 1.1411. Illegality exists within the meaning of the rule when the findings upon which the Board based its conclusions of law do not have evidentiary support or when the court has incorrectly applied the proper rule of law. *Fisher v. Chickasaw County*, 553 N.W.2d 331, 334 (Iowa 1996). We presume the Board properly performed its duty under the law, unless clear evidence to the contrary appears. *Petersen*, 580 N.W.2d at 793. The burden of showing illegality rests upon the asserting party. *Id.*

**Legality of the Board of Supervisors' Decision.** The controlling statute in this case is Iowa Code section 354.8, which provides:

A proposed subdivision plat lying within the jurisdiction of a governing body shall be submitted to that governing body for review and approval prior to recording. A city may establish jurisdiction to review subdivisions outside its boundaries pursuant to the provisions of section 354.9. Governing bodies shall apply reasonable standards and conditions in accordance with applicable statutes and ordinances for the review and approval of subdivisions. The governing body, within sixty days of application for final approval of the subdivision plat, shall determine whether the subdivision conforms to its comprehensive plan *and shall give consideration to the possible burden on public improvements and to a balance of interests between the proprietor, future purchasers, and the public interest in the subdivision when reviewing the proposed subdivision* and when requiring the installation of public improvements in conjunction with approval of a subdivision. The governing body shall not issue final approval of a subdivision plat unless the subdivision

plat conforms to sections 354.6, 354.11, and 355.8.

If the subdivision plat and all matters related to final approval of the subdivision plat conform to the standards and conditions established by the governing body, and conform to this chapter and chapter 355, the governing body, by resolution, shall approve the plat and certify the resolution which shall be recorded with the plat. The recorder shall refuse to accept a subdivision plat presented for recording without a resolution from each applicable governing body approving the subdivision plat or waiving the right to review.

Iowa Code § 354.8 (1999) (emphasis added).

█▐█ We apply a liberal approach to subdivision decisions by granting local governing bodies more discretion in applying platting ordinances. Our supreme court has stated:

This approach takes account of the likelihood that not every conceivable flaw, although it may be of considerable practical moment, can be anticipated by specific language in ordinances and statutes. It also allows the platting function to be used more effectively as an accompaniment of zoning.... On balance, we incline toward a reasonably liberal reading of subdivision legislation, subject to the watchful eyes of the courts under their de novo review. At the same time, we hold that councils must not approve or disapprove on whim but rather on the facts of each case and on the manifest objects and purposes of the legislation.

*Oakes Constr. Co. v. City of Iowa City*, 304 N.W.2d 797, 806 (Iowa 1981) (citations omitted). Therefore, a local governing body has the flexibility to disapprove plats or condition approval for reasons that "are

not spelled out in so many words" in the governing statutes and ordinances. *Id.*

■ In the present case, the plaintiffs contend that because their final revised plat was in compliance with all county ordinances, including the subdivision ordinances, the Board was required by section 354.8 to approve the plat. We disagree. Approval was not mandated by section 354.8. Applying the reasoning of *Oakes*,[3] section 354.8 clearly provides a local governing body with discretion in determining whether to approve a proposed subdivision plat. The Board was required to "give consideration to the possible burden on public improvements and to a balance of interests between the proprietor, future purchasers, and the public interest in the subdivision when reviewing the proposed subdivision...." Iowa Code § 354.8. This is exactly what the Board did with regard to the plaintiffs' proposed subdivision. It

listened to the public comments, considered the burden on public services, and balanced this against the plaintiffs' interests in the proposed development.[4] The district court concluded the Board acted legally. We agree. The plaintiffs have failed to meet their burden of establishing any illegal act. The district court further concluded, and we agree, that there is sufficient evidence in the record to support the Board's decision to reject the plaintiffs' proposed subdivision plat. Accordingly, we affirm the district court's dismissal of the plaintiffs' petition for certiorari.

**AFFIRMED.**

3. When *Oakes* was decided, Iowa Code § 354.8 did not exist. The relevant section was 409.14. The Legislature enacted § 354.8 in 1990 and codified *Oakes's* "liberal approach" theory.

4. The Board recognized that there had been a change in the character and nature of the area since the enactment of the present zoning ordinances. As such, the Board noted that the proposed high density cluster lot subdivision would be contrary to the established estate district area. In addition, at least one supervisor acknowledged that the county would be unable to assure adequate services, such as water and fire protection, to the area.