# IN THE COURT OF APPEALS OF IOWA

No. 23-1142
Filed October 2, 2024

**PROPERTY HOLDER LTD,**
    Plaintiff-Appellant,

**vs.**

**JAMES A. PIERSALL, as hearing officer,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Fae E. Hoover-Grinde, Judge.

A former property owner appeals a district court order annulling its writ of certiorari that challenged a nuisance property designation. **APPEAL DISMISSED.**

Peter C. Riley and Patrick J. Riley of Tom Riley Law Firm, P.L.C., Cedar Rapids, for appellant.

Amy L. Reasner and Daniel M. Morgan of Lynch Dallas, P.C., Cedar Rapids, for appellee.

Considered by Badding, P.J., and Langholz, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**BADDING, Presiding Judge.**

Property Holders Ltd. appeals a district court order annulling a writ of certiorari that challenged a hearing officer's decision to uphold a June 2022 notice of violation from the City of Cedar Rapids. The notice of violation determined that Property Holders owned the property at 1748 C Avenue NE, which it found met the criteria under Cedar Rapids Municipal Code section 22A.03 for a nuisance property. Because of the violation, Property Holders would be "charged for all Founded Calls for Service to the Property" for one year. *See* Cedar Rapids, Iowa, Mun. Code § 22A.08 (2022).

The notice of violation was issued after a man named Royal Jones was arrested in May within 1000 feet of the property for being a felon in possession of a firearm. *See id.* §§ 22A.02(j) (defining "nuisance property"), (o) (defining "property owner"); .03(a)(13) (listing criteria for a "nuisance property"). Property Holders asked for a hearing on the violation, which was held before a hearing officer in July. At the hearing, the city submitted a hearing packet that included a call-for-service report, the criminal complaint against Jones, an incident/investigation report, and a notice of violation. The hearing officer also heard statements from a police lieutenant and the property's tenant.

The lieutenant, who was not involved in Jones's arrest, informed the hearing officer that the area had been identified as a hotspot for shootings. Earlier that day, patrol officers saw some wanted individuals in the area, who were known to be associates of the residents at 1748 C Avenue NE. The officers went to the area looking for those individuals and saw Jones "leaving the residence under suspicious circumstances," according to the criminal complaint. Jones ran away

from the officers, throwing a gun out along the way. The tenant of 1748 C Avenue NE told the officer that when he got home from work, just after Jones's arrest, the only person there was his fifteen-year-old son. His son was not allowed to have anyone over since a prior incident when his friends brought a gun into the house. When the tenant reviewed his security cameras, he saw some people leaving his yard before the arrest. Following the hearing, the hearing officer issued a written decision finding:

> The preponderance of the evidence establishes that [the tenant's son] has had individuals visiting him when his parents were not home. In addition, the officer's observation is that these individuals were present at 1748 C Ave. NE when the officers arrived. As a result, the City of Cedar Rapids has met its burden in establishing that 1748 C. Ave. NE should be designated as a Nuisance Property.

Property Holders petitioned the district court for a writ of certiorari in August, challenging the sufficiency of the evidence supporting the hearing officer's decision and the adequacy of his written findings. Property Holders also claimed its substantive due process and equal protection rights were violated by the hearing officer's application of the municipal code's nuisance property provisions. For relief, Property Holders asked the court to "issue a writ of certiorari overturning the hearing officer's" decision. Following a hearing in February 2023, the court denied Property Holders' claims.

Property Holders raises those same claims on appeal from the court's decision. But while the appeal was pending, Property Holders sold the property at 1748 C Avenue NE. The hearing officer accordingly moved to dismiss the appeal

as moot.[1] Property Holders resisted the motion, arguing this court should deny the motion "because the issues presented in this appeal are important to the public and are likely to reoccur." We conclude otherwise.

Mootness is a threshold question because "[c]ourts exist to decide cases, not academic questions of law." *Riley Drive Ent. I, Inc. v. Reynolds*, 970 N.W.2d 289, 296 (Iowa 2022) (citation omitted). "A case is moot if it no longer presents a justiciable controversy because the issues involved are academic or nonexistent." *Homan*, 864 N.W.2d at 328 (citation omitted). Under this doctrine, we will generally dismiss an appeal "when judgment, if rendered, will have no practical legal effect upon the existing controversy." *Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 679 (Iowa 1998) (citations omitted).

In resisting the hearing officer's motion to dismiss, Property Holders does not dispute that its sale of the property made its appeal challenging the nuisance property designation moot. Instead, Property Holders invokes "the so-called public-importance" exception to the mootness doctrine. *See Homan*, 864 N.W.2d at 330. Under this exception, we have the discretion to decide a moot case if "matters of public importance are presented and the problem is likely to recur." *Id.* (citation omitted). We consider four factors in determining whether to exercise our discretion to apply the exception:

> (1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide public officials in their future conduct; (3) the likelihood of the recurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review.

---

[1] The warranty deed conveying the property was attached to the motion to dismiss. *See Homan v. Branstad*, 864 N.W.2d 321, 329 n.4 (Iowa 2015) ("[W]e are permitted to consider matters that have transpired during the appeal for the purpose of determining whether a matter is moot.").

*Id.* (citation omitted); *see also State v. Hightower*, 8 N.W.3d 527, 544 (Iowa 2024) ("[W]e have discretion to decide a moot issue 'where matters of public importance are presented and the problem is likely to recur.'" (citation omitted)).  None of these factors are present here.

From the start, we disagree with Property Holders that "a dispute between a city resident and a city is inherently a matter of a public nature."  Just because a government actor is involved does not mean a dispute is public in nature, as Property Holders seems to suggest.  *See, e.g.*, *Hightower*, 8 N.W.3d at 544 (declining to apply the public-importance exception to a defendant's challenge to the amount of her appeal bond because it was not a matter of public importance); *Belin v. Reynolds*, 989 N.W.2d 166, 171 (Iowa 2023) (finding "no important public interest in further litigation about whether" the governor and her staff "should produce records that they have already produced"); *Jackson v. State*, No. 18-1850, 2019 WL 4678189, at *2 (Iowa Ct. App. Sep. 25, 2019) (determining an order requiring a postconviction-relief applicant to be held at a state prison rather than a county jail pending his parole-revocation hearing only affected that applicant and was private in nature).

We also disagree with Property Holders that an "authoritative adjudication on the issue of sufficiency of evidence in municipal proceedings would help guide public officials in the future."  Those officials are already guided by requirements in their own municipal codes, *see, e.g.*, Cedar Rapids, Iowa, Mun. Code § 22A.11(d), and appellate cases reviewing decisions by an "inferior tribunal, board, or officer" under Iowa Rule of Civil Procedure 1.1401.  *See, e.g.*, *Bowman*

*v. City of Des Moines Mun. Hous. Agency*, 805 N.W.2d 790, 796 (Iowa 2011) ("An inferior tribunal commits an illegality if the decision violates a statute, is not supported by substantial evidence, or is unreasonable, arbitrary, or capricious."); *see also Bontrager Auto Serv., Inc. v. Iowa City Bd. of Adjustment*, 748 N.W.2d 483, 488 (Iowa 2008) (discussing the sufficiency of a board's factual findings); *accord Petersen v. Harrison Cnty. Bd. of Supervisors*, 580 N.W.2d 790, 793, 795–96 (Iowa 1998); *Adams v. City of Sioux City*, No. 02-0034, 2002 WL 31641100, at *1–2 (Iowa Ct. App. Nov. 25, 2002). As these cases demonstrate, an inquiry into the sufficiency of the evidence is an inherently fact-specific undertaking. *See Bontrager*, 748 N.W.2d at 495–97; *see also Riley Drive Ent. I, Inc.*, 970 N.W.2d at 300 (noting that in cases where the public-importance exception was applied, the court's "resolution of those issues did not require us to examine a mosaic of outside factors that would probably never be duplicated"); *In re A.B.*, No 22-0362, 2022 WL 2160455, at *3 (Iowa Ct. App. June 15, 2022) (declining to apply the public-importance exception because of the fact-specific nature of the challenged decision).

While Property Holders may be correct that municipalities are "frequently initiating hearings that impact their resident's property rights," it is unlikely these same facts will recur in those proceedings. *See Riley Drive Ent. I, Inc.*, 970 N.W.2d at 299 (declining to apply public-importance exception to decide a challenge to the governor's public health disaster proclamation because the "next pandemic closure order in Iowa, if and when there is one, could well involve different facts, different statutes, and different terms"); *see also A.B.*, 2022 WL 2160455, at *3. It is also unlikely that "the issue as to the sufficiency of the evidence required to be

offered by the City in a municipal hearing will . . . evade future appellate review," as Property Holders argues. The case became moot because Property Holders sold the property while its appeal was pending—not because, for instance, the nuisance property designation expired while the appeal was pending. *Cf. In re M.T.*, 625 N.W.2d 702, 705 (Iowa 2001) (applying the public-importance exception to an appeal from an involuntary civil commitment because, "given the time for processing an appeal, and the probability that the commitment will not continue for that length of time, such appeals will often be moot before the appeal can be decided").

For these reasons, we decline to apply the public-interest exception, and we grant the hearing officer's motion to dismiss Property Holders' appeal as moot.

**APPEAL DISMISSED.**