Otho Leonard RATER, Plaintiff,

v.

IOWA DISTRICT COURT FOR POLK
COUNTY, Defendant.

No. 93–1986.

Court of Appeals of Iowa.

March 27, 1996.

Francis C. Hoyt Jr., West Des Moines, for plaintiff.

Michael L. Jankins of Murray, Jankins & Stennes, Des Moines, for defendant.

Heard by SACKETT, P.J., CADY, J., and OXBERGER, Senior Judge.*

CADY, Judge

Otho Leonard Rater contests the district court's order finding him in contempt for ten separate failures to pay child support. We affirm the trial court and annul the writ of certiorari.

Otho and Maja Rater divorced in November 1987. At the dissolution proceeding, the trial court ordered Otho to pay child support for his four minor children in the amount of $850 per month. This order was modified in 1992 to $816 per month. From September 1992 through September 1993 Otho paid no child support.

A hearing was held in November 1993 upon Maja's application for contempt. At the hearing, she produced evidence of Otho's failure to pay child support in violation of the court's order. She also presented a transcript of Otho's testimony at a judgment-debtor examination stating he left his employment at Grand View College in April 1992 to become self-employed as a poet. The transcript further indicated Otho had written no poems, had no prospects of earning an income as a poet, and had no desire to seek other employment. At the contempt hearing, Otho refused to testify asserting his Fifth Amendment privilege against self-incrimination and produced no evidence.

On November 5, 1993, the court issued its ruling finding Maja had sustained her burden of proving Otho had wilfully failed or refused to comply with the child support order. The court found Otho in contempt for the months of December 1992 through September 1993 and set a date for sentencing. Otho was also advised the court, at the time of sentencing, would take into consideration any efforts he made in the interim to find employment to make support payments.

On December 16, 1993, the court ordered Otho to serve thirty days in the Polk County Jail on each of the ten contempt findings, with six sentences to be served consecutively. The court noted Otho had made no efforts to seek employment in the interim to assist in the payment of back support.

On January 7, 1994, Otho filed a petition for writ of certiorari, contending the court erred in finding him in contempt as there was insufficient evidence to support the findings. Maja contend's this court is deprived of jurisdiction to hear Otho's claim since he filed more than thirty days after the November 5, 1993 order and substantial evidence supports the order.

## I. Jurisdiction

■ We must first address the jurisdictional argument to determine if we possess the ability to decide the contempt issue.

* Senior judge from the Iowa Court of Appeals serving on this court by order of the Iowa Supreme Court.

Whether a defendant in a contempt proceeding must file a petition for a writ of certiorari at the time of the initial order rather than at the time of sentencing presents an issue of first impression in Iowa.

 Unless an extension of time has been granted, all appeals must be filed within thirty days from the time the tribunal, board, or officer exceeded its jurisdiction or otherwise acted illegally. Iowa R.Civ.Proc. 319. Similarly, certiorari must be brought within the time allowable for appeal. *Thompson v. City of Osage*, 421 N.W.2d 529, 531 (Iowa 1988). An untimely petition for writ of certiorari deprives the appellate court of jurisdiction over the subject matter of the case. *Id. See also Greene v. Iowa Dist. Court for Polk County*, 312 N.W.2d 915, 919 (Iowa 1981). We recognize a timely filing of a petition for certiorari is not a "statute of limitations" but a condition precedent to an appellate court's jurisdiction. *Shipp v. County of Multnomah*, 133 Or.App. 583, 891 P.2d 1345, 1349–50 (1995). If the threshold requirements of certiorari review are not met, we possess no jurisdiction to hear petitioner's claim and the proceedings must be dismissed. *Matter of Butler*, 609 A.2d 1080, 1081 (Del.Supr.1992). A petition for a writ of certiorari for contempt, likewise, must be timely filed in order for this court not to be deprived of subject matter jurisdiction. *Greene*, 312 N.W.2d at 919.

 The time which a tribunal acted illegally occurs when the underlying proceeding becomes final for the purposes of Rule 319. *See City of Osage*, 421 N.W.2d at 532 (condemnation not "final" for purposes of Rule 319 until assessment became final under applicable condemnation statutes); *Balboa Ins. Co. v. Vanscooter*, 526 So.2d 779 (Fla.App. 1988) (tolling of time period for certiorari begins at date of the final action of lower tribunal); *Tri–State Generation & Transmission Co. v. City of Thornton*, 647 P.2d 670 (Colo.1982) (time begins to run from the date of final action); 14 C.J.S. *Certiorari* § 34 (1985).

 We find the date of the final action of the district court to be the date of Otho's sentencing, or December 16, 1993. *See Akada v. Park 12–01 Corp.*, 103 Wash.2d 717, 695 P.2d 994, 995 (1985) (when more than one appeal period is applicable for writ of certiorari, the longer appeal period should be applied). The date of sentencing is the final action taken by the district court with contempt cases, and is the point where the district court "acted illegally." Allowing a petitioner time to appeal a contempt proceeding from the date of sentencing is consistent with Rule 319. Moreover, district courts will still maintain the ability to fashion remedial measures prior to sentencing without the concern of losing jurisdiction over a petitioner.[1]

Otho filed his petition for writ of certiorari within the thirty-day time period required under Iowa Rule of Civil Procedure 319. As such, we possess subject matter jurisdiction to hear Otho's contentions concerning his contempt judgment.

## II. Sufficiency of the Evidence

 Contempt judgments must be reviewed to ensure substantial evidence supports the judgment of contempt. *Ervin v. Iowa Dist. Court for Webster County*, 495 N.W.2d 742, 744 (Iowa 1993). Contempt is sufficiently shown if some of the default was willful. *Amro v. Iowa Dist. Court for Story County*, 429 N.W.2d 135, 140 (Iowa 1988). Because of the quasi-criminal nature of the proceedings, a finding of contempt must be established by proof beyond a reasonable doubt. *Phillips v. Iowa Dist. Court for Johnson County*, 380 N.W.2d 706, 708–09 (Iowa 1986). Substantial evidence is such evidence as could convince a rational trier of fact the alleged contemner is guilty of contempt beyond a reasonable doubt. *Ervin*, 495 N.W.2d at 744–45.

 Contemnee has the burden of demonstrating contemner had a duty to obey

---

**1.** We recognize the span of time between the order finding Otho in contempt and his sentencing was approximately forty days. This interim period was granted in order to allow Otho the opportunity to find employment and make payments prior to sentencing. Forcing a petitioner to initiate certiorari proceedings during this interim period would seriously thwart the remedial efforts of the district court.

a court order and failed to perform duty, with the burden then shifting to contemner to produce evidence suggesting he did not willfully violate the order or decree at issue. *In re Marriage of Jacobo,* 526 N.W.2d 859 (Iowa 1995). When the contempt turns on willfulness, the burden shifts to alleged contemner. *Ervin,* 495 N.W.2d at 745 (Iowa 1993). The burden is one of production and not of persuasion. *Id.* This shift of the burden of production, even in light of the quasi-criminal nature of the proceedings, presents no unfair hardship to the alleged contemner since the ultimate burden of proof lies with the contemnee.

■ Maja established a prima facie case of contempt by showing Otho owed a duty to pay child support and failed to perform this duty. Otho argued the defense of inability to pay child support. *See Wilson v. Fenton,* 312 N.W.2d 524, 527 (Iowa 1981) (inability to comply bears on the issue of willfulness and allows alleged contemnor to avoid adjudication of contempt by proving a good faith effort was made to comply).

Otho had the burden of producing evidence to support this defense, yet failed to do so. He presented no evidence of his attempts to seek employment in order to meet his child support obligation, of his intentions to seek employment, or of reasons for which he could not be gainfully employed. Instead, Otho refused to testify and asserted his Fifth Amendment privilege.[2] The evidence does not support Otho's inability to pay or any good faith effort on his part to comply with the order. To the contrary, the record indicates Otho's failure to comply with the statute to be willful beyond a reasonable doubt.

We find ample evidence supports the finding of contempt beyond a reasonable doubt.

We affirm the district court's contempt finding and annul the writ of certiorari.

**AFFIRMED AND WRIT ANNULLED.**

---

**2.** Maja, on the other hand, produced evidence of Otho's ability to pay by producing the transcript of a judgment debtor's examination where Otho admitted he liquidated $10,000 from his 401(k) plan from Grandview College which was never used for child support. She also presented evidence he quit his employment as an associate professor to become a self-employed poet, he earned no money from his poetry, and he had no prospects or intentions of obtaining employment in order to pay his child support obligation. Maja also produced Otho's 1990 tax return and 1991 W–2 tax form indicating Otho's previous salaries to be between $28,000 and $32,000. Given Otho's previous employment and educational background, he clearly possesses the ability to seek gainful employment to meet his responsibilities to provide for his children.