SERGEANT BLUFF–LUTON SCHOOL
DISTRICT and Richard Caldwell,
Appellees,

v.

CITY COUNCIL OF the CITY OF
SIOUX CITY, Iowa, and the City
of Sioux City, Appellants.

No. 98–938.

Supreme Court of Iowa.

Jan. 20, 2000.

See also, 562 N.W.2d 154.

James L. Abshier, City Attorney, and C.
Maurice Rawe, Chief Deputy City Attorney, Sioux City, for appellants.

Edward C. "Ted" Poulsen and Daniel B.
Shuck of Heidman, Redmond, Fredregill,
Patterson, Plaza & Dykstra, L.L.P., Sioux
City, for appellees.

Considered by McGIVERIN, C.J., and
CARTER, NEUMAN, CADY, JJ., and
HARRIS *, S.J.

* Retired justice assigned by order pursuant to    Iowa Code section 602.9206 (1999).

McGIVERIN, Chief Justice.

The present appeal involves further proceedings concerning a dispute between the Sergeant Bluff–Luton School District (school district) and the city of Sioux City (the city) regarding the city's decision to place certain residential property known as the Virginia Meadows Addition in an urban renewal project and the tax levy rates imposed therefrom.

The district court concluded that the city acted illegally in including Virginia Meadows in the urban renewal project and that the levies based thereon were likewise illegal. In doing so, the court sustained a writ of certiorari and granted a declaratory judgment favorable to plaintiff school district.

The city filed the present appeal. Upon our review, we conclude that the district court erred in sustaining the writ because the school district's certiorari petition was not filed in a timely manner. We reverse the decision of the district court and remand.

## I. Background facts and proceedings.

A detailed summary of the background facts concerning the school district's dispute with the city can be found in *Sergeant Bluff–Luton School District v. City of Sioux City*, 562 N.W.2d 154–55 (Iowa 1997). We will only discuss the facts of *Sergeant Bluff–Luton Sch. Dist. I* that pertain to the case presently before us.

### A. *Sergeant Bluff–Luton Sch. Dist. I.*

In 1987, the defendant city council[1] of Sioux City established the Donner Park Urban Renewal Project, pursuant to Iowa Code chapter 403 (1993).[2]

On December 19, 1994, the city council approved Amendment No. 5 for the Donner Park Urban Renewal Project and tax increment district.

Amendment No. 5 added three tracts of land to the Donner Park Urban Renewal Project. One of the tracts of land added to the renewal project was a residential real estate development known as the Virginia Meadows Addition. Before adopting Amendment No. 5, the city made no finding that the Virginia Meadows Addition constitutes a "slum area" or "blighted area," *see* Iowa Code section 403.4(1) (no municipality shall exercise authority under urban renewal law until its local governing body has adopted a resolution finding that "one or more slum, blighted or economic development areas exist in the municipality"), but did state that the purpose of including Virginia Meadows in the Donner Park Urban Renewal Project was for economic development.

Sergeant Bluff–Luton is a consolidated school district mainly comprised of two small towns southeast of Sioux City and is responsible for the education of children who currently and in the future will reside in Virginia Meadows. Due to Virginia Meadows' inclusion in the city's urban renewal project, the city, pursuant to Iowa Code section 403.19 (division of revenue from taxation—tax-increment financing), receives property tax revenue, calculated on the value of the improved property, generated from Virginia Meadows for a period of several years. *Sergeant Bluff–Luton Sch. Dist. I,* 562 N.W.2d at 155. The city intends to use the tax revenue generated from Virginia Meadows for tax increment financing (TIF) and issuance of bonds to pay for economic development of urban renewal areas. *Id.; see also* Iowa Code §§ 403.9, 403.19(1), (2); *Richards v. City of Muscatine,* 237 N.W.2d 48, 58 (Iowa 1975) (discussing tax increment financing under Iowa Code § 403.19).

---

1. We will collectively refer to defendants as the city unless otherwise indicated.

2. Iowa Code chapter 403, Iowa's urban renewal law, is explained in detail in *Richards v. City of Muscatine,* 237 N.W.2d 48 (Iowa 1975).

The school district, on the other hand, will receive less tax revenue than if the Virginia Meadows Addition was not included in the urban renewal project. *Sergeant Bluff–Luton Sch. Dist. I,* 562 N.W.2d at 155. This is because on urban renewal or TIF realty, the school district must calculate its tax levies based on the assessed value of the property as undeveloped, whereas the city is entitled to levy taxes on the valuation of the property as improved.

On February 10, 1995, the school district filed in district court a petition for injunctive relief, seeking to prevent the city council from assessing taxes based on inclusion of Virginia Meadows in the Donner Park Urban Renewal Project. The district court denied the school district's request for injunctive relief based on its conclusion that injunctive relief was not appropriate. *Id.* at 156. The school district appealed that decision.

### B. The present dispute.

While the school district's appeal concerning its action for injunctive relief was pending before our court, the city planned its annual budget based on inclusion of Virginia Meadows in the Donner Park Urban Renewal Project. After hearing under Iowa Code section 384.16, the city council approved the budget and tax levies for the 1996–97 fiscal year on March 15, 1996. The budget ultimately resulted in an approved tax levy certified on August 8, 1996.

On August 16, 1996, the plaintiffs school district and its superintendent, as an individual taxpayer who does not live in the Virginia Meadows Addition, filed a petition for writ of certiorari in district court challenging the city's property tax levy.[3] The petition sought a declaration that any levy based upon inclusion of Virginia Meadows in the urban renewal project be declared a nullity as deriving from the city's act in

1994 of illegally placing Virginia Meadows in the urban renewal project. The school district later named Woodbury county and its auditor and treasurer as additional defendants, who are not parties to this appeal.

On April 23, 1997, we issued our decision concerning the appeal in the school district's injunctive relief proceeding. *Sergeant Bluff–Luton Sch. Dist. I,* 562 N.W.2d 154. We affirmed the district court's decision that the school district was not entitled to injunctive relief, but for reasons different from those relied upon by the district court. We concluded that injunctive relief was not appropriate because the school district had an adequate remedy in certiorari. *Id.* at 156. We did not state the date from which any limitation period for filing a certiorari petition would run.

A trial was held before the district court concerning the school district's petition for writ of certiorari and declaratory judgment thereon. The district court first ruled that the 30–day time period for filing a petition for writ of certiorari under Iowa rule of civil procedure 307(c) (petition for writ of certiorari must be filed within thirty days from the time the tribunal or board acted illegally)[4] began to run on August 8, 1996, the date that taxes were levied according to inclusion of Virginia Meadows in the urban renewal project, because that was the date that the school district was affected by the levy. Because the school district's petition for writ of certiorari was filed on August 16, less than thirty days from the date of the levy, the court concluded that the school district had complied with rule 307(c)'s time requirement. The court further concluded that the city had illegally included Virginia Meadows in the urban renewal project and that tax levies based on that inclusion were likewise illegal. The court therefore ordered the city to account to the school district for amounts the school district

---

3. We will collectively refer to plaintiffs as the school district.

4. Iowa rule of civil procedure 307(c) was formerly numbered as rule 319.

would have received if Virginia Meadows had not been included in the urban renewal project.

The city appeals, raising three issues, one of which we believe is controlling, that is, whether the school district's certiorari petition was filed in a timely manner as required by Iowa rule of civil procedure 307(c).

## II. Scope of review.

This case comes to us from the district court's ruling on the school district's petition for writ of certiorari. Pursuant to Iowa rule of civil procedure 318, our scope of review on appeal from a district court's judgment in a certiorari proceeding is "governed by the rules applicable to appeals in ordinary actions." Our review is limited to correction of errors at law and we are bound by the findings of the trial court if supported by substantial evidence in the record. Iowa R.App. P. 14(f)(1); *accord Fox v. Polk County Bd. of Supervisors*, 569 N.W.2d 503, 507 (Iowa 1997).

## III. Timeliness of the school district's certiorari action.

We believe the controlling issue here is whether the school district's petition for writ of certiorari was filed in a timely manner pursuant to Iowa rule of civil procedure 307(c). The city contends that the certiorari petition was not filed in a timely manner after the city's decision to include Virginia Meadows in the urban renewal project and that the district court therefore should have dismissed the petition for certiorari and declaratory judgment based thereon.

## A. Applicable law regarding certiorari.

■ Certiorari under rule 306 of our Iowa rules of civil procedure is an action at law to test the legality of an action taken by a court or tribunal. *Sergeant Bluff–Luton Sch. Dist. I*, 562 N.W.2d at 156. A city exercising a governmental function is

a tribunal within the meaning of rule 306. *Id.*

Iowa rule of civil procedure 307(c) provides:

The petition [for writ of certiorari] must be filed within *thirty days from the time the tribunal, board or officer exceeded its jurisdiction or otherwise acted illegally.* An extension of such time, however, may be allowed by the reviewing court upon a showing that failure to file the petition within the time provided was due to a failure of the tribunal, board or officer to notify the petitioner of the action complained of. Any motion for extension of time shall be filed with the clerk of the court in which the writ of certiorari is sought within 90 days of the action complained of. The motion and any resistance may be supported by copies of relevant portions of the record of the proceedings complained of, and by affidavits, and no other form of evidence will be received.

■ For purposes of rule 307(c), the time at which a tribunal acted illegally occurs when the underlying proceeding becomes final. *Rater v. Iowa Dist. Ct.*, 548 N.W.2d 588, 590 (Iowa App.1996). An untimely petition for writ of certiorari deprives the reviewing court of subject matter jurisdiction. *Madyun v. Iowa Dist. Ct.*, 544 N.W.2d 441, 443 (Iowa 1996); *accord Greene v. Iowa Dist. Ct.*, 312 N.W.2d 915, 919 (Iowa 1981).

## B. Analysis.

■ Having set out the applicable law, we must now determine the date from which the 30–day time period for filing a petition for writ of certiorari by the school district began to run.

As noted above, certiorari is an action to test the legality of an action taken by a tribunal, here the city. *Sergeant Bluff–Luton Sch. Dist. I*, 562 N.W.2d at 156. It would therefore seem that to determine when the 30–day period began to run, we

must identify the action taken by the city that the school district alleges was illegal.

In the present case, the school district filed a petition for writ of certiorari against the city on August 16, 1996, shortly after the taxes (based on Virginia Meadows' inclusion in the urban renewal project) were actually levied. In substance, the petition for writ of certiorari alleged that the city did not make the necessary findings required under Iowa Code chapter 403 concerning whether Virginia Meadows was properly designated as an urban renewal area. The petition also alleged that the tax levy was illegal to the extent it levied taxes pursuant to the city's general budget, which in part purported to levy and apportion tax funds in accordance with the 1994 resolution including Virginia Meadows in the urban renewal project.

Upon our review, we believe that the gist of the school district's challenge is, and always has been, to the city's decision on December 19, 1994 to include Virginia Meadows in the Donner Park Urban Renewal Project. Had the city not designated Virginia Meadows as urban renewal property, the school district would not have been affected by the TIF tax plan levied therefrom. While it may be true that the interests of the school district were not affected until the date the tax was actually levied, we believe the relevant date for purposes of rule 307(c) is the date of the alleged illegal decision or act by the city, not the date of the alleged injury to the school district. Stated another way, the legality of the tax levy is dependent upon the legality of the classification of the property from which the levy flows.

The city's decision to include Virginia Meadows in the urban renewal project was made December 19, 1994. Because this is the action challenged by the school district in the certiorari proceeding, this is the date from which the 30–day time period under rule 307(c) began to run. The school district, however, did not file its petition for writ of certiorari until August 16, 1996, much more than thirty days from

December 19, 1994. It therefore seems clear that the school district's petition for writ of certiorari does not comply with rule 307(c)'s 30–day time period. The district court therefore should have dismissed the writ and declaratory judgment request based thereon.

As to the school district's request for declaratory judgment, we conclude that the district court erred in deciding that the taxes levied were illegal. This is because the legality of the taxes levied does not exist independent from the city's 1994 decision to include Virginia Meadows in the urban renewal project, which is the alleged illegal action that is the subject of the school district's certiorari petition. Therefore, the authorities relied upon by the school district as support for its argument that the relevant limitations period began to run from the date the taxes were levied, see *Polk v. McCartney*, 104 Iowa 567, 73 N.W. 1067 (1898), and *Sheppard v. Johnson County Bd. of Supervisors*, 72 Iowa 258, 33 N.W. 770 (1887), are not controlling. Those cases involved special assessment taxes whereas the taxes involved in this case involve general assessment taxes as a regular levy of property taxes for a budget or fiscal year.

We also note that there are important public policy reasons for limiting the time during which a party can challenge city decisions and resulting regular tax levies. City officials must be able to prepare budgets and levy taxes for an appropriate time period, based upon established figures and past decisions, without the threat of later challenges to the legality of such decisions that are made after statutory and rule limitation periods have run.

Finally, we also disagree with the school district's contention that the petition for writ of certiorari was filed in a timely manner because the alleged illegality of the city's decision is a continuing act. See *City of Des Moines v. Iowa Dist. Ct.*, 428 N.W.2d 292, 295 (Iowa 1988) (defense that party should have pursued its remedy of certiorari within 30–day time period is not

available when alleged illegal act is continuing in nature). This is because, as we noted above, the legality of the tax levy in this case is based upon a single decision, the city's decision on December 19, 1994 to include Virginia Meadows in the urban renewal project. Thus, the alleged illegal action is not a continuing one.

Because we conclude that the school district did not comply with rule 307(c)'s 30-day time requirement for filing a petition for writ of certiorari, we need not address the other issues raised on appeal.

The decision of the district court must be reversed.

### IV. Disposition.

We conclude that the school district's petition for writ of certiorari was not filed in a timely manner because it was not filed within thirty days of the city's alleged illegal act—the decision to include the Virginia Meadows Addition in the Donner Park Urban Renewal Project—as required by Iowa rule of civil procedure 307(c).

We reverse the decision of the district court and remand with instructions to dismiss the school district's petition.

**REVERSED AND REMANDED.**