# IN THE COURT OF APPEALS OF IOWA

No. 18-0841
Filed September 11, 2019

**VERNON L. HILKEMANN and MARY E. HILKEMANN,**
    Plaintiffs-Appellants,

**vs.**

**CITY OF CARTER LAKE CITY COUNCIL, CITY OF CARTER LAKE BOARD OF ADJUSTMENT, CITY OF CARTER LAKE PLANNING BOARD, and LAKESIDE AUTO RECYCLERS INC.,**
    Defendants-Appellees.

_____

        Appeal from the Iowa District Court for Pottawattamie County, Kathleen A. Kilnoski, Judge.

        Petitioners appeal the district court ruling on a writ for certiorari. **AFFIRMED.**

        Troy A. Howell and Brett R. Marshall of Lane & Waterman LLP, Davenport, for appellant.

        Robert M. Livingston of Stuart Tinley Law Firm, LLP, Council Bluffs, for appellee City of Carter Lake.

        David Richter, Council Bluffs, and Robert S. Sherrets, Omaha, Nebraska, for appellee Lakeside Auto Recyclers Inc.

        Considered by Mullins, P.J., Bower, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**BOWER, Judge.**

Vernon and Mary Hilkemann appeal a district court ruling relating to zoning decisions by the City of Carter Lake City Council, Planning Board, and Board of Adjustment (BOA) (collectively "City Entities"). The Hilkemanns contest the district court's finding the relation-back doctrine did not apply and the court's authority to remand annulled variances to the board of adjustment for further proceedings. We find the relation-back doctrine does not apply to plaintiffs who join in a petition for writ of certiorari and the court has the authority to order a remand.

## I. Background Facts & Proceedings

Lakeside Auto Recyclers (Lakeside) has operated a salvage yard in the City of Carter Lake for over forty years. The operation was a legal non-conforming use under the city's zoning ordinances during that time. On April 24, 2017, the city amended the zoning ordinance to permit recycling and reclamation in the relevant district.[1] Lakeside sought variances to upgrade its facilities.

On May 24, 2017, Craig and Lacey Akridge and John Doe filed a writ of certiorari challenging the zoning decision and variances issued. The Akridges verified the petition; John Doe did not. The petition was served on Lakeside and the City Entities on May 26. On June 9, the petition was amended to withdraw Akridges and join Vernon and Mary Hilkemann as plaintiffs; John Doe remained a petitioner.[2] The Hilkemanns verified the amended petition, which remained

---

[1] This amended ordinance followed prior legal action relating to variances issued in favor of Lakeside.

[2] The Hilkemanns refer to themselves as "substituted" plaintiffs. However, their addition to the petition was a joinder, not substitution, of plaintiffs. The Hilkemanns are not the legal representatives or a successor in interest of the Akridges and do not otherwise fit any category of substituted party under Iowa Rules of Civil Procedure 1.221–.227. *See*

unchanged beyond the difference in plaintiffs. In December, the court denied John Doe's request to proceed anonymously and, on January 3, 2018, granted Doe's motion for voluntary dismissal without prejudice, leaving the Hilkemanns as the only plaintiffs.

On January 5, a hearing was held on the petition for writ of certiorari. In a written order filed on April 20, the district court dismissed the petition for writ of certiorari in part and sustained the writ in part. The court found the relation-back doctrine does not apply to certiorari actions challenging municipal decisions and held the joinder of the Hilkemanns as petitioners did not relate back to the filing of the writ by the Akridges and John Doe. With no petitioner remaining in the case from the original May 24 petition, the court found the Hilkemanns could only challenge municipal decisions made within thirty days of the June 9 amended petition—five variances made on or after May 10. The court did not consider the zoning decision or twenty-five variances issued by the city council and planning board between April 24 and May 9.

As to the five variances still under consideration, the district court sustained the writ of certiorari. The court found under Iowa Code chapter 414 (2017), the city council and planning board did not have the authority to issue variances to the zoning ordinances—the court found the BOA "has exclusive authority" to issue variances.[3] Any variances granted by the planning board or city council would be

---

Shaun P. Martin, *Substitution*, 73 Tenn. L. Rev. 545, 554–55 (2006) (discussing the difference between substitution and joinder).

[3] The city council has the authority to remand a granted variance back to the BOA for further study, but cannot modify, annul, or grant the variance on its own. *See* Iowa Code §§ 414.7, .12.

*ultra vires* and outside that entity's legal authority. The court annulled three variances granted by the city council after May 10 based on lack of authority. The court found Lakeside had not established the economic-hardship requirement for the height and setback variances and annulled two BOA variances issued on May 22. The court remanded the five variance requests to the BOA for further consideration.

The Hilkemanns appeal.

## II.    Standard of Review

"Our review of a certiorari action is for correction of errors at law." *Burroughs v. City of Davenport Zoning Bd. of Adjustment*, 912 N.W.2d 473, 478 (Iowa 2018); *see also* Iowa R. Civ. P. 1.1412. "We are bound by the district court's findings if supported by substantial evidence. However, we are not bound by erroneous legal rulings that materially affect the court's decision." *Baker v. Bd. of Adjustment of Johnston*, 671 N.W.2d 405, 414 (Iowa 2003) (citations omitted).

## III.    Analysis

The Hilkemanns appeal the district court's ruling the relation-back doctrine did not apply and claim the court did not have the authority to remand the annulled variances to the BOA for further consideration.

*Relation-Back Doctrine.*  The Hilkemanns seek to apply the relation-back doctrine for their amended petition to relate back to when the Akridges and John Doe filed the initial petition for certiorari. The relation-back doctrine allows an amendment to a pleading to "relate back" to the time of the original pleading as long as the amendment arises "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Iowa R. Civ. P. 1.402(5).

The plaintiff bears the burden of proof to establish their right to amend the petition and satisfy relation-back requirements. *Porter v. Good Eavespouting*, 505 N.W.2d 178, 181–82 (Iowa 1993).

The limitations period for filing a petition for writ of certiorari is thirty days from the time jurisdiction was exceeded or the officer, board, or tribunal otherwise acted illegally. Iowa R. Civ. P. 1.1402(3); *see also* Iowa Code § 414.15 (allowing thirty days from the filing of the board of adjustment's decision). "[A] timely filing of a petition for certiorari is not a 'statute of limitations' but a condition precedent to an appellate court's jurisdiction." *Rater v. Iowa Dist. Ct.*, 548 N.W.2d 588, 590 (Iowa Ct. App. 1996). "An untimely petition for writ of certiorari deprives the reviewing court of subject matter jurisdiction." *Sergeant Bluff-Luton Sch. Dist. v. City Council of Sioux City*, 605 N.W.2d 294, 297 (Iowa 2000).

The parties concede Iowa law does not clearly allow or disallow the relation-back rule's applicability to the substitution or addition of plaintiffs in a certiorari petition after the limitations period has run.[4]

A petition for writ of certiorari is a request for the court to review the actions of a tribunal, board, or officer exercising judicial functions and exceeding their jurisdiction or otherwise acting illegally. Iowa R. Civ. P. 1.1401. While subject to the rules of civil procedure, the petition for writ of certiorari is more analogous to a notice of appeal or petition for judicial review than the initiation of a civil suit. *See Sergeant Bluff-Luton*, 605 N.W.2d at 297. As in appeals, the time period in which

---

[4] In the past, courts have given leave to parties for substantive amendments to petitions for certiorari to relate back to the original filing in the past. *See, e.g., Brueggeman v. Osceola Cty.*, No. 16-1552, 2017 WL 2464072, at *4 (Iowa Ct. App. June 7, 2017) (noting the district court deemed an amended petition as relating back to the original filing date).

to file a petition for writ of certiorari is a jurisdictional deadline rather than a statute of limitations. *See Rater*, 548 N.W.2d at 590.

"[C]ourts must follow jurisdictional mandates imposed by valid statutes." *Cooksey v. Cargill Meat Sols. Corp.*, 831 N.W.2d 94, 103–04 (Iowa 2013). "If a deadline is missed, even by a single day, the court has no jurisdiction to hear the appeal." *Concerned Citizens of Se. Polk Sch. Dist. v. City Dev. Bd.*, 872 N.W.2d 399, 402 (Iowa 2015). Courts have allowed untimely amended petitions to relate back to the original timely filing in a few limited circumstances, such as inadvertent mistakes. *See, e.g.*, *Jacobs v. Iowa Dep't of Transp.*, 887 N.W.2d 590, 599 (Iowa 2016) (allowing a corrected filing to relate back to the timely filing date); *Christiansen v. Iowa Bd. of Educ. Exam'rs*, 831 N.W.2d 179, 190–91 (Iowa 2013) (allowing a petition amended after a rehearing to relate back to the initial application); *Cooksey*, 831 N.W.2d at 103–04 (holding the correct naming of a deciding agency in the judicial review petition substantially complied with statutory requirement to name respondent).

The amendment here was not a correction of an inadvertent mistake like the amendments previously permitted to relate back. Instead, the amendment joined unrelated plaintiffs to the action after the deadline to file a petition for certiorari had passed for some of the challenged decisions. At the time the Hilkemanns joined the petition for certiorari, the deadline had passed for the majority of the City Entities' decisions. The Hilkemanns' joinder as petitioners was valid only as to those decisions on which the thirty-day period had not run—the decisions made on or after May 10. *Cf. Mastio v. State Pub. Def.*, No. 11-0846, 2012 WL 1860343, at *1 (Iowa Ct. App. May 23, 2012) (dismissing as untimely a

cross-appeal filed outside the deadline for filing a writ of certiorari). *Compare In re D.G.*, 704 N.W.2d 454, 457 (Iowa Ct. App. 2005) (allowing an appellant filing a timely notice of appeal to join another appellant's petition on appeal if the joining party has the same interest), *with In re Q.E.*, No. 14-0783, 2014 WL 3939918, at *1 n.1 (Iowa Ct. App. Aug. 13, 2014) (noting a father is not allowed to join the mother's appeal from the termination of her parental rights and dismissal of his untimely appeal). We affirm the district court's ruling the amended petition did not relate back to the original filing.

We express no opinion as to whether the relation-back doctrine would apply in the case of a substituted party under similar circumstances. We recognize circumstances may exist where the substitution of a plaintiff is necessary and should relate back to the original petition. *Cf. Estate of Kuhns v. Marco*, 620 N.W.2d 488, 495 (Iowa 2000) (allowing a substitution of a legal representative in place of an estate as the real party in interest to relate back to the original pleading). Nor does our decision necessarily apply to the joinder of plaintiffs after the expiration of non-jurisdictional limitations periods in non-certiorari actions. Each case will be a circumstance-specific decision within the district court's discretion.

*Variance Remand.* The district court sustained the Hilkemanns' writ as to height and setback variances granted by the BOA and three pedestrian connection variances granted by the City Council. The court then remanded all five variance requests to the BOA for "further consideration." The Hilkemanns claim the court could not remand, but was limited in its actions to "reverse or affirm, wholly or partly, or . . . modify" the decision under review. *See* Iowa Code § 414.18. In

particular, the court's merits ruling that the variances were illegal because Lakeside failed to establish unnecessary hardship should preclude a remand under the rule of claim preclusion.

Under Iowa Rule of Civil Procedure 1.1411, a judgment on certiorari "shall be limited to annulling the writ or sustaining it, in whole or in part." "The judgment shall prescribe the manner in which either party may proceed." Iowa R. Civ. P. 1.1411. Iowa Code section 414.18 grants the court the additional power to "modify the decision brought up for review." We have previously held the combination of the statute and the rule "contemplates a remand for further proceedings." *Sereda v. Zoning Bd. of Adjustment of Burlington*, 641 N.W.2d 206, 208 (Iowa Ct. App. 2001). We find the court did not err in ordering a remand for further proceedings when it sustained the writ of certiorari in part.

**AFFIRMED.**