**IN THE COURT OF APPEALS OF IOWA**

No. 19-1497
Filed December 16, 2020

**IN RE THE MARRIAGE OF BENJAMIN RIGDON AND ALICIA RIGDON**

**Upon the Petition of**
**BENJAMIN RIGDON,**
        Petitioner-Appellee,

**And Concerning**
**ALICIA RIGDON,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Des Moines County, Mary Ann

Brown, Judge.

        Alicia Rigdon appeals the denial of her application to show cause.

**AFFIRMED.**

        Mark R. Hinshaw, West Des Moines, for appellant.

        Roger A. Huddle of Weaver & Huddle Law Office, Wapello, for appellee.

        Considered by Bower, C.J., and May and Ahlers, JJ.

**BOWER, Chief Judge.**

Alicia Rigdon brought a contempt action against her former spouse, Benjamin Rigdon. The district court declined to hold Benjamin in contempt and Alicia appeals. Finding no abuse of discretion, we affirm.

The parties' April 15, 2016 dissolution decree granted them joint legal custody of their child. On May 15, 2019, Alicia filed an application for rule to show cause alleging that Benjamin violated the joint legal custody provisions of the parties' decree by unilaterally placing their child on a psychotropic medication. After hearing the evidence and counsels' arguments, the district court declined to find Benjamin in contempt of court. The court found Benjamin did not intentionally and willfully disobey the court's joint legal custody order, noting Benjamin communicated the circumstances to Alicia and followed professional advice.

When a trial court refuses to find a party in contempt, the court has "broad discretion and 'unless this discretion is grossly abused, the [trial court's] decision must stand.'" *In re Marriage of Swan*, 526 N.W.2d 320, 327 (Iowa 1995) (alteration in original) (citation omitted)). "We are obliged to give great deference to the trial court on issues of witness credibility." *McKinley v. Iowa Dist. Ct.*, 542 N.W.2d 822, 825 (Iowa 1996). We also observe, "[A] trial court is not required to hold a party in contempt even though the elements of contempt may exist." *Swan*, 526 N.W.2d at 327. "[T]he trial court may consider all the circumstances, not just whether a willful violation of a court order has been shown, in deciding whether to impose punishment for contempt in a particular case." *Id.*

The court did not grossly abuse its discretion.  We therefore affirm.

**AFFIRMED.**

May, Judge, concurs; Ahlers, Judge, concurs specially.

**AHLERS, Judge** (specially concurring).

I agree with the majority's resolution of this matter on the merits and join in that decision. I write separately for the purpose of more fully acknowledging the precise issue raised on appeal and to make sure our decision today is not construed as a stamp of approval of the procedure followed to resolve the dispute between these joint custodial parents.

Essentially, the district court resolved the matter before it by deciding Benjamin was not in contempt of court because he fully advised Alicia of the medical-care issue and relied on professional advice in making a decision over her objection. The majority affirms that decision, and, on the merits, I agree. But on appeal, Alicia is not arguing that the merits of Benjamin's decision constituted contempt of court. Instead, she is arguing that it was the *making* of that decision over Alicia's objection as a joint custodial parent that constituted contempt of court. In other words, Alicia's position was the child should not be placed on medication, while Benjamin's position was the child should be placed on medication; thus, Benjamin was in contempt for unilaterally implementing his position without resolution of her objection through the courts or mutual agreement. She argues this unilateral action was an intentional violation of her rights as a joint legal custodian.

In making this argument, Alicia points to the definition of joint legal custody[1] and then notes the following dilemma:

---

[1] The Iowa Code definition is:
"*Joint custody*" or "*joint legal custody*" means an award of legal custody of a minor child to both parents jointly under which both parents have legal custodial rights and responsibilities toward the

> Despite this simple definition, joint legal custodians, attorneys, and the bench struggle with what exactly is required of joint legal custodians when both parties equally participate in a major medical decision for their child but cannot agree on a course of treatment. Is the primary physical custodian parent the tie breaker? Are the parties required to take the decision to court? Is the physician the tie breaker? This is a critical issue that requires clear guidance from the Supreme Court moving forward for family law litigants, the family law bar, and the bench.

I agree this is a dilemma that has vexed parents with joint legal custody, family law attorneys, and judges hearing family law cases for years, and, in spite of how common joint legal custody is, we appear to have very little in the way of authority as to how the dilemma should be resolved. *But see Harder v. Anderson, Arnold, Dickey, Jensen, Gullickson & Sanger, L.L.P.*, 764 N.W.2d 534, 538 (Iowa 2009) ("When joint legal custodians have a genuine disagreement concerning a course of treatment affecting a child's medical care, the court must step in as an objective arbiter, and decide the dispute by considering what is in the best interest of the child."). Frequently, it seems the joint custodial parent who does not have physical care is at the mercy of the joint custodial parent who does have physical care because the parent with physical care unilaterally acts to break any ties, as was done in this case. It is as if there were a parenting corporation in which the joint legal custodial parent who does not have physical care is a forty-nine percent owner; it looks good on paper, but, when it comes time to count votes, that parent has no clout and is at the mercy of the other parent who has physical care, as if

---

child and under which neither parent has legal custodial rights superior to those of the other parent. Rights and responsibilities of joint legal custody include but are not limited to equal participation in decisions affecting the child's legal status, medical care, education, extracurricular activities, and religious instruction.

Iowa Code § 598.1(3) (2019).

the parent with physical care owns fifty-one percent of the stock. By the definition of joint legal custody in the Iowa Code, that does not appear to be the way it is supposed to work. By definition "neither parent has legal custodial rights superior to those of the other parent," which means they have equal clout on decisions such as this. Iowa Code § 598.1(3). I can think of no other scenario in which two parties with equal voting rights are at loggerheads where we would permit one of those parties to declare himself or herself the winner as if that party had won the vote, yet that is what happened here. I am not necessarily convinced the appropriate way to address this dilemma is to simply allow the parent with physical care to act as if he or she has superior rights to make the decision at hand and then assess the merits of the decision through a subsequent contempt action. The quasi-criminal nature of contempt actions, with the corresponding burden of proof being beyond a reasonable doubt, may raise the bar too high to give meaningful protection to the joint custody rights of the parent who does not have physical care of the child. *See Rater v. Iowa Dist. Ct.*, 548 N.W.2d 588, 590 (Iowa 1996) (noting contempt actions are quasi-criminal in nature and a finding of contempt must be established by proof beyond a reasonable doubt).

All that being said, the district court did not address the issue as posed by Alicia on appeal. Instead, the district court simply ruled on the merits of Benjamin's decision and found him not to be in contempt because he consulted with Alicia, albeit without success in resolving the disagreement, and his decision was based on professional advice. Alicia did not request expansion of the district court's ruling, via a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) or otherwise, to address the issue raised on appeal. As a result, Alicia has not preserved error

on the issue. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). "When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Id.* The appellate court will not decide a case based on a ground not raised in the district court. *DeVoss v. State*, 648 N.W.2d 56, 60 (Iowa 2002).

While I find Alicia did not preserve error so as to allow us to address the precise issue raised on appeal, the concerns surrounding the issue are valid and worthy of consideration in a future case when properly raised and preserved. Even though I agree with our ruling today affirming the decision to not hold Benjamin in contempt, I write separately in an effort to make clear that our ruling should not be viewed as an endorsement of the tie-breaking method used here, which was for the parent with physical care to make a unilateral decision that disregards the other parent's objection followed by a contempt action to assess the decision in hindsight. We will need to wait for an appropriate case when the issue is properly raised and preserved before determining whether the after-the-fact-contempt method is acceptable, or whether some other method should be preferred.