## IN THE COURT OF APPEALS OF IOWA

No. 21-0290
Filed November 23, 2021

**LESTER E. ASKELSON,**
    Plaintiff-Appellant,

**vs.**

**CITY OF LANSING CITY COUNCIL,**
    Defendant-Appellee.
_____

    Appeal from the Iowa District Court for Allamakee County, Alan T. Heavens, Judge.

    As the court appropriately determined Askelson's petition was untimely and did not abuse its discretion in denying the application for an extension, we affirm. **AFFIRMED.**

    Jeremy L. Thompson of Putnam, Thompson & Casper, P.L.L.C., Decorah, for appellant.

    John S. Anderson of Anderson, Wilmarth, Van Der Maaten, Belay, Fretheim, Gipp, Evelsizer Olson, Lynch & Zahasky, Decorah, for appellee.

    Considered by Mullins, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Lester Askelson appeals the annulment of his writ of certiorari, alleging the district court erroneously found his petition was untimely. He also appeals the court's denial of his application for an extension of time to file the petition. We find the court appropriately determined Askelson's petition was untimely and did not abuse its discretion in denying his application for an extension. We affirm.

## I.      Facts & Proceedings

On August 14, 2020, the city council of Lansing (the city) sent Askelson a notice to abate a nuisance concerning the fence on his property that violated the municipal code. The letter informed Askelson the fence constituted a nuisance and ordered him to remove six panels of fencing. The letter also notified Askelson the city could take steps to remove the fence if he refused to comply. Askelson, through his attorney, requested an appeal at a public hearing before the city council.

The hearing on Askelson's appeal was initially scheduled for November 2. The hearing was open to the public and Askelson was present. The city council made no decision on Askelson's appeal on November 2, instead deciding to postpone the decision in order to conduct a closed session with the city attorney. The city council had another meeting on November 16. The agenda for the meeting indicates that the city council was planning to "[r]e-open Askelson [h]earing to include review and consider decision regarding [the] fence." That meeting was also open to the public. After re-opening the hearing and the appropriate motion, the city council voted to deny Askelson's appeal on November 16.

The city mailed Askelson a notice of denial of appeal and final notice to abate on November 24, which he received on November 27. In response, Askelson filed a petition for writ of certiorari on December 21, arguing the city acted illegally or exceeded its jurisdiction when it denied his appeal and imposed the abatement. The city filed a motion to dismiss, alleging the writ was filed more than thirty days after the imposition of the abatement and was thus untimely. Askelson filed an application for an extension of time to file the petition on January 20, 2021.

A hearing was held on the motion to dismiss and application for extension on February 22, 2021. The court granted the city's motion to dismiss and denied Askelson's application for extension.[1] Askelson appeals.

## II. Discussion

Askelson argues the district court erred in finding his application was untimely because he filed it within thirty days of the November 24 notice. "Our review of a certiorari action is for correction of errors at law. Furthermore, our review of a district court's ruling on a motion to dismiss is also for correction of errors at law." *Burroughs v. City of Davenport Zoning Bd. of Adjustment*, 912 N.W.2d 473, 478-79 (Iowa 2018) (citations omitted). "[W]e are bound by the findings of the trial court if supported by substantial evidence in the record." *Sergeant Bluff-Luton Sch. Dist. v. City Council of City of Sioux City*, 605 N.W.2d 294, 297 (Iowa 2000).

---

[1] The district court correctly determined that while the city filed a motion to dismiss, the court was limited to sustaining or annulling the writ of certiorari. *See* Iowa R. Civ. P. 1.1411.

A writ of certiorari is an action where "the party claims an inferior tribunal, board, or officer, exercising judicial functions . . . exceeded proper jurisdiction or otherwise acted illegally." Iowa R. Civ. P. 1.1401. A city exercising its governmental functions is a tribunal within the meaning of the law. *Sergeant Bluff-Luton*, 605 N.W.2d at 297. A petition for writ of certiorari "must be filed within 30 days from the time the tribunal, board, or officer exceeded its jurisdiction or otherwise acted illegally." Iowa R. Civ. P. 1.1402(3). An untimely petition deprives the court of subject matter jurisdiction. *Rater v. Iowa Dist. Ct. for Polk Cnty.*, 548 N.W.2d 588, 590 (Iowa Ct. App. 1996).

Askelson alleges the city acted illegally on November 24, when it sent the notice of denial of appeal and final notice of abatement, rather than November 16, when the city council passed the motion denying his appeal. We disagree. "[T]he time at which a tribunal acted illegally occurs when the underlying proceeding becomes final." *Sergeant Bluff-Luton*, 605 N.W.2d at 297. Iowa Code section 380.6 (2020) is clear that "[a] motion becomes effective immediately upon passage of the motion by the council." Thus, the denial of his appeal was effective as soon as the council passed the motion on November 16. The notices Askelson received on November 24 did not alter his obligations and merely informed him of the denial of his appeal—a denial which was made publicly on the 16th.[2] Thus, the city's alleged illegal action occurred when it passed the motion on November 16.

_____

[2] The final notice is clear that the action imposing obligations on Askelson was the city council's vote by including it twice in the first two sentences: "On November 16, 2020 the City Council completed the hearing of your appeal of the Notice to Abate the fence you erected at [Askelson's property]. The Council held a hearing on the matter on November 2, 2020 and voted on your appeal at its November 16, 2020 meeting."

This outcome is consistent with an analogous case, *Sergeant Bluff-Luton School District*, where the school district alleged the city acted illegally when it included a portion of the city in an urban renewal project, thus diverting property tax revenue away from the school district. 605 N.W.2d at 298. The city approved the urban renewal project on December 19, 1994, but did not implement the tax until August 8, 1996. *Id.* Our supreme court held that the city's alleged illegal action was the approval of the urban renewal plan, not the imposition of the tax. *Id.* The court reasoned the school district's principal claim challenged the city's decision to include the portion of the city in the project, not the altered tax levy. *Id.* Accordingly, the action was final on December 19, when the city approved the plan, and the thirty-day time period began then. *Id.*

Similarly, Askelson's petition challenges the city's actions in imposing the notice to abate and, specifically, how the city conducted the appeal. For example, Askelson's petition complains that, "At said hearing [on November 16]:

A.   [Askelson] appeared with counsel.
B.   [Askelson] was not allowed to cross examine any witnesses or neighbor complaining of the fence being a nuisance.
C.   No oaths or affirmations were required by the City Council nor were any made by anyone before supplying oral evidence.
D.   The neighbors complaining of the fence being a nuisance provided no actual evidence to support [their] assertions. . . .
E.   The City offered no actual evidence to support [their] assertions. . . .
F.   [Askelson's] counsel was not allowed to impeach or rebut information given by the complaining neighbors or the City.
G.   The City Council made no findings of fact or determinations of any issues presented.

Significantly, his petition further alleges, "The [City's] issuance of the Notice to Abate, and subsequent denial of [Askelson's] appeal, is illegal, arbitrary and capricious, discriminatory, unreasonable, not based on substantial evidence,

and/or an abuse of discretion." While the petition does pay lip service to the idea that the city acted on November 24, the rest of the petition focuses on actions the city took during or prior to the hearing on November 16. Accordingly, the action Askelson challenges is the denial of his appeal on November 16, and that date governs the thirty-day filing period.

Askelson argues *Rater* controls this case. *See* 548 N.W.2d at 591. In that case, a father filed a petition for writ of certiorari after a district court found him in contempt of court. *Id.* at 589. The court held that sentencing was the final action by the court, and thus controlled the thirty-day period for filing a petition. *Id.* at 590. Askelson tries to analogize the present facts to that case, suggesting the November 16 meeting is akin to a finding of contempt, but the November 24 notices are akin to a sentence because it mandated he remove the panels or face future penalties.

Such an analogy is misplaced. Unlike in *Rater*, the city council's decision concerned an appeal. The city council was either going to approve or deny Askelson's appeal of the notice to abate. Unlike a sentencing proceeding for contempt, no new penalties were contemplated or possible. Consequently, the denial of Askelson's appeal merely meant the notice of abatement from August 14 was still in effect. Furthermore, Askelson already knew what penalties he faced because they were explained in the original notice to abate on August 14. Sending an additional notice was not a separate action by the city, it simply reiterated to Askelson his appeal failed and he needed to comply with the notice of abatement.

Additionally, while Askelson is correct in pointing out that the letter was a "final notice," that does not equate to final action. The letter did not impose

obligations that Askelson was not already subject to, nor did it include information not already available via the August 14 notice and the public hearing on November 16. As such, his petition for writ was untimely, and the district court did not err in annulling Askelson's writ.

Askelson also alleges the district court erred in denying his application for an extension of time to file his petition of writ. Iowa Rule of Civil Procedure 1.1402 permits the reviewing court to grant an extension "upon a showing that failure to file the petition within the time provided was due to a failure of the tribunal, board, or officer to notify the petitioner of the challenged decision." Due to the discretionary nature of court's power to grant an extension, our review is for abuse of discretion. *See Allied Gas & Chem. Co. v. Federated Mut. Ins. Co.*, 332 N.W.2d 877, 879 (Iowa 1983). An abuse of discretion exists when "the district court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Everly v. Knoxville Cmty. Sch. Dist.*, 774 N.W.2d 488, 492 (Iowa 2009).

The court did not abuse its discretion in finding the city council did not fail to notify Askelson of their decision. First, Askelson attended the November 2 meeting and was aware the vote on his appeal would be delayed until the meeting on November 16.[3] Additionally, both the November 2 and November 16 meetings were public. Significantly, the November 24 letter informed Askelson twice within the first two sentences that his appeal was denied on November 16, and provided

---

[3] It is unclear if Askelson attended the November 16 city council meeting. His petition for writ of certiorari indicates he was present, although the district court's ruling indicated Askelson did not attend.

time for him to file the petition. As the district court aptly noted, "The failure to timely file the petition appears to be due to either Askelson's failure to attend the November 16 meeting or Askelson's miscalculation of when his 30 day deadline began. In sum, a failure to notify by [the city] is not the reason Askelson's petition was untimely filed." The court did not abuse its discretion in denying the application for an extension.

**AFFIRMED.**