# IN THE COURT OF APPEALS OF IOWA

No. 23-1673
Filed January 23, 2025

**DAVID CHARLES STUART,**
    Plaintiff-Appellant,

**vs.**

**CITY OF DUBUQUE BUILDING CODE ADVISORY AND APPEAL BOARD,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter,
Judge.

A petitioner appeals the dismissal of his petition for writ of certiorari as
untimely. **AFFIRMED.**

Stuart G. Hoover, East Dubuque, Illinois, for appellant.

Jason D. Lehman, Assistant City Attorney, Dubuque, for appellee.

Considered by Badding, P.J., Langholz, J., and Bower, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2025).

**LANGHOLZ, Judge.**

To challenge a quasi-judicial decision of a city board, a petition for writ of certiorari "must be filed within 30 days from the time the . . . board . . . exceeded its jurisdiction or otherwise acted illegally." Iowa R. Civ. P. 1.1402(3). David Stuart seeks to challenge three decisions of the Dubuque Building Code Advisory and Appeal Board. The Board made its decisions at a public meeting on January 5, 2023. The Board Chair signed the written decisions the same day. And the Board sent them to Stuart by certified mail the next day, January 6. But Stuart filed his petition for certiorari on February 7—thirty-two days after the mailing of the written decisions and thirty-three days after the meeting and signing of the decisions. And so, the district court dismissed Stuart's petition as untimely.

On appeal, Stuart argues that the court erred in finding the petition untimely because the thirty-day clock should not have started until the earliest day that he could have *received* the decision by certified mail, which he reasons was January 9. He also contends that the court should have granted him an extension of time under rule 1.1402(3) because his untimely filing was "due to a failure of the . . . board . . . to notify [him] of the challenged decision." *Id.* But we agree with the court that Stuart's thirty-day clock started no later than January 6 when the Board issued and mailed its written decision—the date of his receipt is irrelevant. And because Stuart makes no argument that any action of the Board prevented him from receiving notice within the thirty-day window for filing, the court did not abuse its discretion in denying his request for an extension of time. We thus affirm the dismissal of his petition for writ of certiorari.

## I.    Background Facts and Proceedings

Stuart owns three properties in Dubuque.  In September 2022, after a housing inspection, the city issued a notice of violation for each property, citing Stuart for violations of city ordinances.  Stuart appealed the three notices of violation to the Dubuque Building Code Advisory and Appeal Board.

The Board considered Stuart's appeals at a meeting on January 5, 2023.  Stuart argued each appeal to the Board and remained for the rest of the Board's consideration of the appeals, including its votes and the announcement of its decisions.  That same day, the Board Chair signed three written decisions on the appeals, which were typed templates filled in and completed by hand to reflect the Board's findings of fact and determinations of the issues presented.  Immediately above the Board Chair's signature, each decision said: "This decision is effective as of the date stated below.  Dated this 5th day of January 2023."

The next day, on January 6, the Board mailed a copy of the decisions to Stuart by certified mail, postage prepaid, return receipt requested.  The U.S. Postal Service attempted delivery to Stuart the next day but instead left a notice that certified mail would be available for pickup or redelivery at the post office.  Stuart failed to claim the certified mail and two weeks later it was returned to the Board.

On February 7—even though the written decisions still had not been delivered to him—Stuart filed a petition for writ of certiorari challenging the Board's decisions on the appeals.  With representation by counsel, he made many claims that the Board "acted in excess of its authority and illegally" through its appellate procedures; that its "decisions were not supported by substantial evidence and [were] unreasonable, arbitrary, or capricious"; and that it "omitted all findings and

conclusions which [the district court] needs to determine with certainty the factual and legal basis" of the Board's decisions. City personnel were eventually able to hand-deliver the written decisions to Stuart just before the start of another Board meeting in April.

On April 4—eighty-nine days after the Board's January 5 decision—Stuart moved for an extension of time to file a petition for writ of certiorari. *See* Iowa R. Civ. P. 1.1402(3) (requiring such motions to be filed "within 90 days of the challenged decision"). In the motion, Stuart acknowledged that the Board made a "verbal" decision on January 5 and that he "filed [his] petition on 7 February, 2023 which was one day after the 30 days from the time [Stuart] alleges the Board exceeded its jurisdiction or otherwise acted illegally." But he argued that while city "personnel produced and attempted delivery (by certified mail) of the decision, such production and delivery would necessarily take more than one day." And so he asked the court to "extend the time allowed for filing the Petition for Writ of Certiorari in this matter to 7 February, 2023 and find that the Petition in this action was timely filed."

The Board resisted Stuart's motion for extension of time and moved to dismiss the case because the untimely filing deprived the court of subject matter jurisdiction. In his briefing to the district court, Stuart noted:

> Plaintiff could argue that as the written decision constituted a substantial portion of the allegations that the Board exceeded proper jurisdiction or otherwise acted illegally, and that the Petition was filed within 30 days of the [date] when delivery of the written decision would be expected to be delivered, that the Petition was timely. Instead Plaintiff timely requested an extension of time.

After a hearing,[1] the district court agreed with the Board, denying Stuart an extension of time and dismissing this case. The court reasoned that Stuart "admits that his petition was filed beyond the required 30-day time period" and that "he cannot show that his delay was attributable to any failure by the Board."[2]

Stuart unsuccessfully moved for reconsideration, arguing that his petition was timely because the thirty-day deadline should not start running until "the delivery of the written decision" to him. And he now appeals. The Board waived its right to file a brief. *See* Iowa R. App. P. 6.903(3).

## II.     Timeliness of the Petition for Certiorari

A petition for writ of certiorari "must be filed within 30 days from the time the . . . board . . . exceeded its jurisdiction or otherwise acted illegally." Iowa R. Civ. P. 1.1402(3). "For purposes of [this rule], the time at which a [board] acted illegally occurs when the underlying proceeding becomes final." *Sergeant Bluff-Luton Sch. Dist. v. City Council of City of Sioux City*, 605 N.W.2d 294, 297 (Iowa 2000). Failing to file a timely petition "deprives the reviewing court of subject matter jurisdiction." *Id.* Because the thirty-day deadline is jurisdictional, this is so even when the petition is only late "by a single day." *Concerned Citizens of S.E. Polk Sch. Dist. v. City Dev. Bd.*, 872 N.W.2d 399, 402 (Iowa 2015). Our review is for correction of errors at law. *See Sergeant Bluff-Luton Sch. Dist.*, 605 N.W.2d at 297.

---

[1] The district court's dismissal order says the hearing was reported. But Stuart represented in his combined certificate that "it appears there are no transcripts in this matter," and he did not request any transcript.

[2] In addition to the ruling under review here, the court's order denied the Board's motion to dismiss as untimely another petition for writ of certiorari that Stuart filed challenging different Board actions involving his properties. The Board did not seek interlocutory review and that case remains pending in the district court.

Stuart argues that his petition filed on February 7, 2023, was timely because the thirty-day deadline should not start running until the earliest day that the written decision could have been delivered to him. He reasons that he was challenging the written decision in his petition and needed to have it to evaluate and prepare the petition. And since he only received a notice that he could pick up the certified mail on January 7—a Saturday—the decision could not have been delivered to him until the following Monday, January 9. And if that were the proper date, he would have only had to file his petition by February 8—the day after he did so.

But assuming this delivery-focused argument is preserved for our review despite Stuart's shifting positions in the district court, it is defeated by the text of rule 1.1402(3) and precedent. The rule says that the thirty days starts running not when the petitioner receives notice of all the details of a board's act, but at "the time the . . . board . . . exceeded its jurisdiction or otherwise acted illegally." Iowa R. Civ. P. 1.1402(3). And that means when "the underlying proceeding becomes final." *Sergeant Bluff-Luton Sch. Dist.*, 605 N.W.2d at 297.

We need not decide the precise moment that the Board's decisions became final—at the time the Board voted,[3] the effective date listed in the decisions, or the date of mailing—because even taking the latest possible date, Stuart's petition is untimely. Indeed, the Board's decisions were certainly final at the time the signed, written decisions were turned over to the postal service for delivery by certified mail

---

[3] In the district court, the Board argued that the decision became final when it was announced during the Board meeting. *See Askelson v. City of Lansing City Council*, No. 21-0290, 2021 WL 5457832, at *2 (Iowa Ct. App. Nov. 23, 2021) (affirming dismissal of petition for writ of certiorari as untimely because it was not filed within thirty days of the city council's vote at a public meeting even though notice was not sent to the petitioner a week later).

on January 6—at that point, the decisions were literally out of the Board's hands. And so, Stuart was required to file his petition no later than February 5. When he did so on February 7, he was at least two days late. The district court thus did not err in finding that Stuart's petition for writ of certiorari was untimely.

### III. Extension of Time Request

Despite the thirty-day deadline, the district court "may" allow an extension of time "upon a showing that failure to file the petition within the time provided was due to a failure of the . . . board . . . to notify the petitioner of the challenged decision." Iowa R. Civ. P. 1.1402(3). Given the court's discretion whether to extend the deadline even when the required showing is made, we review for abuse of discretion. *See Askelson v. City of Lansing City Council*, No. 21-0290, 2021 WL 5457832, at *3 (Iowa Ct. App. Nov. 23, 2021).

Stuart argues that the district court should have extended the time for filing by four days because that was "the earliest Stuart could have been notified in writing." He reasons that his lack of "immediate" notification should be a sufficient failure of the board to notify him under the rule. But this repackaging of his delivery-focused timeliness argument fares no better as a basis for reversing the district court's denial of his extension.

For starters, Stuart's argument is mismatched with what rule 1.1402(3) requires him to show. His delay must be "due to" the Board's failure to notify. Iowa R. Civ. P. 1402(3). Stuart does not attempt to explain how the lack of immediate delivery of the written decisions caused him to be late in filing his petition. Indeed, it is difficult to understand how it could have had any effect on the time of his filing since the written decisions still had not been delivered to him when he filed his

petition—so he was able to file his petition even without delivery. What's more, the Board mailed the written decisions to him the day after its meeting and delivery was attempted by the postal service the next day. So any further delay in receiving the written decision was attributable to Stuart—not the Board.

The district court did not abuse its discretion in denying Stuart's motion for an extension. Because the thirty-day deadline for filing the petition for writ of certiorari was not extended, and the petition was untimely filed, the district court lacked subject matter jurisdiction and correctly dismissed this case.

**AFFIRMED.**